**Edwin Ray ROBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 39–95, 40–95.**

Court of Criminal Appeals of Texas.

Jan. 24, 1996.

---

Reginald R. Wilson, Wichita Falls, Thomas L. Allensworth, Arlington, for appellant.

John A. Neal, District Attorney, Graham, Robert A. Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was charged in two separate indictments with two offenses of aggravated sexual assault, which offenses arose from the same criminal episode as that term is defined in § 3.01 of the Texas Penal Code. Appellant entered pleas of guilty without an agreement as to punishment to each offense and was sentenced by the trial court to ninety-nine years confinement in Cause Number 7167 and sixty years confinement in Cause Number 7168. The trial court ordered the sentence in Cause Number 7168 to run consecutively to that in number 7167. Appellant's convictions were affirmed on appeal. *Robbins v. State*, Nos. 02–93–331–CR, 02–93–332–CR (Tex.App.—Fort Worth, delivered December 7, 1994).

The record demonstrates that the trial court conducted two separate plea proceedings, but one consolidated punishment hearing. On appeal, Appellant alleged that the trial court erred in ordering the sentences to be served consecutively, because they were prosecuted in the "same criminal action." See V.T.C.A., Penal Code, Chapter 3, and *LaPorte v. State*, 840 S.W.2d 412 (Tex.Cr.App.1992). The Court of Appeals held that the trial court fully completed one plea proceeding before starting the other, and therefore Appellant was not prosecuted in a single criminal action. We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding Appellant was not prosecuted in the "same criminal action."

Although Appellant entered separate pleas of guilty to each indictment, the trial court held a consolidated punishment hearing. A plea proceeding is not complete until punishment has been assessed. Had the trial court accepted the plea and rendered sentence in one cause prior to hearing the plea and rendering sentence in the other, we

would agree with the Court of Appeals that the trial court "fully completed one plea proceeding before starting the other." See *Ex parte Pharr*, 897 S.W.2d 795 (Tex.Cr.App. 1995). However, the consolidated punishment hearing defeated the State's and trial court's attempts to comply with the provisions of § 3.03, of the Penal Code. Therefore, the cumulation order is void.

The judgment of the Court of Appeals is reversed. The proper remedy is to reform the judgment in Cause Number 7168 from the 90th District Court of Young County to delete the cumulation order.[1]

CLINTON, J., not participating.

WHITE, J., concurs in the result.

BAIRD, J., dissents for the reasons stated in *Duran v. State*, 844 S.W.2d 745, 746 (Tex.Cr.App.1992) (BAIRD, J., concurring).

1. Appellant suggests the proper remedy is to remand the case for a new trial, relying on this Court's decision in *Ex parte Sims*, 868 S.W.2d 803 (Tex.Cr.App.1993). However, *Sims* is inapplicable because that case dealt specifically with a negotiated plea of guilty, where both the State and the defendant bargained for the possibility of consecutive sentences. In this case, Appellant entered open pleas of guilty, and the record does not reflect any agreement with respect to the possibility of consecutive sentencing.