NO. 07-02-0487-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 13, 2002



______________________________




IN THE INTEREST OF RAFAEL FRANCISCO EGUIA



_________________________________



FROM THE COUNTY COURT OF FLOYD COUNTY;



NO. 02-28; HONORABLE WILLIAM D. HARDIN , JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ. (1)

 On November 15, 2002, appellant Rafael Francisco Equia gave notice of appeal
from an adverse judgment in the above case. On November 22, 2002, the clerk of this
court notified appellant that the requisite filing fee in this matter had not been paid and we
would take no further action in the appeal until the fee was paid. He was also warned that
the failure to pay the filing fee may result in a dismissal. Tex R. App. P. 42.3(c). 
Additionally, we notified appellant that he had not filed a docketing statement pursuant to
Texas Rule of Appellate Procedure 32.1 and such a statement must be filed within ten
days from the date of the notice.

 No filing fee has ever been paid, nor has a docketing statement ever been filed. 
However, on December 9, 2002, we received a motion by appellant stating he no longer
wished to pursue the appeal and requesting that it be dismissed. He also certified that he
had notified opposing counsel of his intent to dismiss the appeal and was told the motion
to dismiss would not be opposed.

 Accordingly, this appeal must be, and is hereby dismissed. Having dismissed the
appeal at appellant's request, no motion for rehearing will be entertained and our mandate
will issue forthwith. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



l. The trial court granted the motion. The
jury returned guilty verdicts in each of the six cases and assessed punishment at
confinement for 99 years and a $10,000 fine in each case. The trial court subsequently
ordered all sentences to be served consecutively. Appellant objected to the consecutive
nature of the court's judgments. Additionally, appellant filed a motion for new trial again
raising his objection to the consecutive nature of the trial court's judgments. This appeal
followed.

 Appellant contends, and the State agrees, that all six indictments arose out of one
criminal episode. See Tex. Penal Code Ann. § 3.01 (Vernon 2003). (1) Further, appellant
states that the indictments were tried in a single criminal action, pursuant to the State's
motion filed with the trial court. See § 3.02(a). Inasmuch as the exception to concurrent
sentencing found in the Texas Penal Code does not apply to the offenses for which
appellant was convicted, the sentences must run concurrently. See § 3.03(a). The State
has conceded this issue. Accordingly, the judgments of the trial court are reformed to
delete the cumulation orders. Tex. R. App. P. 43.2(b); Robbins v. State, 914 S.W.2d 582,
584 (Tex.Crim.App. 1996). As reformed, the judgments of the trial court are affirmed. 

 Mackey K. Hancock

 Justice




Do not publish. 

1. Further reference to the Texas Penal Code will be by reference to § ___.