NO. 07-03-0069-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2003



______________________________




HERBERT FEIST, APPELLANT



V.



KEITH PRICE, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 087621-00-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 By order dated March 5, 2003, this Court overruled appellant's motion to proceed
in forma pauperis and directed him to pay the required filing fee of $125 within 15 days
noting that failure to do so might result in dismissal. Unless a party is excused from paying
a filing fee, the Clerk of this Court is required to collect filing fees set by statute or by the
Supreme Court when an item is presented for filing. See Tex. R. App. P. 5 and 12.1(b). 
Thus, because the filing fee was not paid we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee. 
Tex. R. App. P. 42.3(c).

 Don H. Reavis

 Justice



1. Tex. R. App. P. 47.2(a).


 with shotguns and told the group
to lay on the floor. Thereafter, they were threatened with death, moved to a cellar, and
bound with cords. So too was Maddox asked for money, and he disclosed to his assailants
where it could be found. Eventually, Maddox freed himself and the others in his family. 
He then noticed his Buick had been taken and called 911.

 Eventually, law enforcement officials encountered two individuals driving the Buick
and a chase ensued which resulted in the vehicle being abandoned. A search of the car
revealed items taken from the Maddox household plus various weapons. The next day
appellant was captured and arrested for the robbery. 

Issue One - Extraneous Offense Used to Show Identity


 In his first issue, appellant posits that the trial court erred in admitting evidence of
an extraneous offense. The evidence involved testimony about appellant having taken
weapons (shotguns) during a burglary in Oklahoma. Moreover, appellant was identified
as one of the burglars who took the shotguns. One or more of those very weapons were
later found in the Maddox Buick after the robbery and chase. This was of import to the
State because it helped identify appellant as one of the Maddox robbers; again, the
robbers wore masks and could not be identified through facial features. So, in the State's
view, evidence about the Oklahoma burglary and who was involved in it helped tie
appellant to the later robbery in Texas. Thus, the evidence allegedly was both relevant and
admissible under Texas Rule of Evidence 404(b). We agree and overrule the point.

 Finding in the Buick a shotgun appellant stole in Oklahoma has the propensity of
linking appellant to the Maddox robbery, given that a shotgun was used in the robbery. 
More importantly, it cannot be legitimately denied that the identity of the robbers was in
issue. Indeed, appellant, through his legal counsel, argued to the trial court that the
evidence of identity was very weak. So, the extraneous burglary, in general, and the
property taken during it, in particular, was relevant to an element in dispute. And, that the
Oklahoma offense may not have involved an act either identical or similar to the Texas
crime matters not for the identity between the criminal acts occurring in Oklahoma and
Texas were not important. Of import was the identity between the weapons taken in
Oklahoma, the ones used to rob the Maddox family and the ones later found in the car for
the weapons and appellant's tie to them is what identifies him as a robber. Thus, Page v.
State, 213 S.W.3d 332 (Tex. Crim. App. 2006), a case upon which appellant relies heavily
in attempting to show error, is inapposite. 

 Page dealt with an attempt to prove identity through comparing a series of acts. In
that situation, one cannot dispute that the acts have to be sufficiently similar to warrant an
inference that the person who committed some committed all. Here, however, the acts
undertaken during both offenses matter not for the focus lies on the identity between the
weapons taken by appellant during one offense and later used at another. So, because
evidence of extraneous offenses are admissible to prove identity, Tex. R. Evid. 404(b);
Johnston v. State, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004), and evidence of the
Oklahoma burglary furthered that purpose at bar, we cannot say that the trial court abused
its discretion in permitting several witnesses to disclose it at trial. (1) See Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court errs viz its
decisions to admit evidence when it abuses its discretion and the decision falls outside the
zone of reasonable disagreement).

Issue Two - Jury Charge


 In his second issue, appellant contends that the trial court's failure to properly define
"abduct" in its jury charge caused him egregious harm. That is, the abstract definition of
"abduct" included in the charge differed from the manner in which the term was used in the
indictment. However, its description in the application paragraph of the charge was
identical to that in the indictment. (2) So, while the definition did not track the indictment, the
application paragraph did, and appellant did not object to the circumstance. We overrule
the issue.

 The record evidence supported appellant's conviction of the offense as described
in the indictment. Furthermore, the application paragraph tracked the indictment, and the
words in the application paragraph were plain and easily understood. Medina v. State, 7
S.W.2d 633, 640 (Tex. Crim. App. 1999) (holding that where the application paragraph
correctly instructs the jury, an error in the abstract instruction is not egregious); Plata v.
State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), overruled on other grounds, Malik v.
State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) (holding that reversal is required when
an accurate definition in the abstract definition is necessary to implement the application
paragraph); Williams v. State, No. 01-06-00037-CR, 2007 Tex. App. Lexis 1158 (Tex. App.
-Houston [1st Dist.] February 15, 2007, no pet. h.) (holding that when the application
paragraph correctly instructs the jury, a superfluous abstract definition is not egregious).
Thus, despite the definition, the jury nevertheless was told in unambiguous language that
it could not convict unless it found appellant guilty as charged in the indictment. Given
these circumstances, we do not find that appellant was egregiously harmed by the
purported error. 

Issue Three - Order Requiring Sentences to Run Consecutively


 Appellant contends that the trial court erred in entering an order wherein it "stacked"
appellant's sentences. In other words, appellant would be required to serve the six
sentences consecutively as opposed to concurrently. The State concedes this point and
asks us to reform the six judgments. We agree and sustain the issue. 

 Accordingly, the judgments of the trial court are reformed to delete the accumulation
orders. Robbins v. State, 914 S. W.2d 582, 584 (Tex. Crim. App. 1996). As reformed, the
judgments of the trial court are in all other respects affirmed. 


 Brian Quinn

 Chief Justice


Publish.
1. Appellant does not raise Texas Rule of Evidence 403.
2. The trial court charged the jury as follows: "'abduct' means to restrain a person with intent to prevent
his/her liberation by using or threatening to use deadly force." So too did it state that "'restrain' means to
restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by
moving the person from one place to another or by confining the person." Through the application paragraph,
it then informed the jury of the following:


 . . . if you find from the evidence beyond a reasonable doubt that on or about the 12th day of
March, 2006 in Wheeler County, Texas, [appellant], did then and there, intentionally or
knowingly abduct []Maddox, by restricting the movements. . . by confining him, with the intent
to prevent [] liberation, secreting or holding [] in a place where [] was not likely to be found,
and [appellant] did then and there use or exhibit a deadly weapon, to wit: a gun, during the
commission of said offense, . . . .