NO. 07-02-0526-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 25, 2003

_____

JAMES ORION BYWATER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,460-B; HON. JOHN B. BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before JOHNSON, C.J., QUINN, J., and BOYD, S.J.[1]

James Orion Bywater (appellant) appeals from a judgment convicting him of the unauthorized use of a motor vehicle. Via a single issue, appellant contends that the trial court erred by entering a cumulation order stacking his sentences for this offense with another levied in a cause styled *State v. Bywater*, No. 43,459-B. This is allegedly error because the offenses underlying both causes arose from the same criminal episode and

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

the causes were tried in the same criminal action. *See* TEX. PENAL CODE ANN. §3.03(a) (Vernon 2003) (stating that sentences generally shall run concurrently when the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action). In its appellee's brief, the State conceded the issue and error. When such error occurs, the appropriate remedy is to reform the judgment and delete the cumulation order. *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996).

Accordingly, we reform the judgment of the trial court and delete all reference suggesting that the sentence in Cause No. 43,460-B is to run cumulative to, consecutive to, or in any way after completion of the sentence in Cause No. 43,459-B. The judgment is affirmed as reformed.

Brian Quinn
Justice

Do not publish.