NO. 07-06-0180-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 11, 2006


 ______________________________



RODNEY C. JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-411,112; HONORABLE ROYAL HART, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Rodney C. Jones, appeals from his conviction of aggravated assault with
a deadly weapon. Sentence was imposed on February 15, 2006. The clerk's record was
filed on May 4, 2006 and the reporter's record has not been filed. We will dismiss the
appeal for want of jurisdiction.

 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of
Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within
30 days after the day sentence is imposed or suspended in open court, or within 90 days
after imposition of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for
an extension of time if the appellant files a notice of appeal with the trial court within 15
days after the deadline for filing the notice of appeal and files a motion for extension with
the appellate court. 

 Here, the record reflects that the court imposed sentence on appellant on February
15, 2006. No motion for new trial was filed, making the notice of appeal due on March 17,
2006. The notice of appeal was filed April 28, 2006. No motion for extension of time to
file the notice of appeal was filed. Appellant's failure to file a timely notice of appeal or to
meet the requirements for an extension under Rule 26.3 prevents this court from having
jurisdiction over his appeal. Slaton, 981 S.W.2d at 210. 

 Consequently, the appeal is dismissed for want of jurisdiction. 


 Mackey K. Hancock

 Justice


Do not publish. 



N_1_"> (1) Further, appellant
states that the indictments were tried in a single criminal action, pursuant to the State's
motion filed with the trial court. See § 3.02(a). Inasmuch as the exception to concurrent
sentencing found in the Texas Penal Code does not apply to the offenses for which
appellant was convicted, the sentences must run concurrently. See § 3.03(a). The State
has conceded this issue. Accordingly, the judgments of the trial court are reformed to
delete the cumulation orders. Tex. R. App. P. 43.2(b); Robbins v. State, 914 S.W.2d 582,
584 (Tex.Crim.App. 1996). As reformed, the judgments of the trial court are affirmed. 

 Mackey K. Hancock

 Justice




Do not publish. 

1. Further reference to the Texas Penal Code will be by reference to § ___.