In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-507 CR


NO. 09-06-508 CR


NO. 09-06-509 CR


____________________



ASHLEY NICOLE SIAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 94436, 94455, and 94652






 MEMORANDUM OPINION


 This case presents the question of whether the trial court erred in stacking Ashley
Nicole Sias's sentences. We hold that it did not.

 Pursuant to plea bargain agreements, Sias pled guilty to three felony theft charges. 
In each case, the trial court deferred adjudication and placed Sias on community supervision. 
The State subsequently filed motions to revoke Sias's unadjudicated probations, and at the
revocation hearing, Sias pled true to violating the terms of her community supervision. Her
sentencing hearing was subsequently conducted in each cause number on the same date, and
at the sentencing hearing the trial court adjudicated her guilt and sentenced her on each
conviction to two years in a state jail facility. The trial judge ordered her sentence in trial
cause number 94455 to run consecutive to her sentence in trial cause number 94436, and
ordered her sentence in trial cause number 94652 to run consecutive to her sentence in trial
cause number 94455. 

 On appeal, Sias argues that the trial court improperly cumulated her sentence in cause
number 94652 because it arose from the same criminal episode and was prosecuted in the 
same criminal action as cause number 94455. She concludes that, as a result, her sentence
is void and that her sentence in cause number 94652 must run concurrent with her other
sentences. The State concedes that the thefts in cause numbers 94455 and 94652 occurred
in the same criminal episode but contends that the claims were not prosecuted in the same
criminal action. 

 The trial court's authority to order sentences to run consecutively or concurrently is
granted by the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon 2006). However, the trial court's discretion is limited by section 3.03 of the Penal
Code, which provides: "When the accused is found guilty of more than one offense arising
out of the same criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced. Except as provided by
Subsection (b) [not applicable here], the sentences shall run concurrently." Tex. Pen. Code
Ann. § 3.03 (Vernon Supp. 2006). 

 The Penal Code does not define "prosecuted in a single criminal action." However,
the Court of Criminal Appeals has stated that "a defendant is prosecuted in 'a single criminal
action' whenever allegations and evidence of more than one offense arising out of the same
criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to
one charging instrument or several, and the provisions of Section 3.03 then apply." LaPorte
v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). 

 Here, the offenses were not prosecuted in a single criminal action and section 3.03
does not apply. At the guilty plea hearing, the hearing deferring adjudication of guilt, the
revocation hearing, (1) and the sentencing hearing following adjudication of guilt, (2) the trial
court called each case separately and dealt with each one individually before calling the next
case. The cases bore separate cause numbers and were not consolidated. As a result, we
hold that Sias's offenses were not "prosecuted in a single criminal action" under section 3.03. 
See Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); see also Robbins v. State,
914 S.W.2d 582, 583-84 (Tex. Crim. App. 1996). Because cause numbers 94652 and 94455
were not prosecuted in a single criminal action, we hold that the trial court did not err in
ordering Sias's sentence in cause number 94652 to run consecutive to her sentence in cause
number 94455. We overrule Sias's sole issue on appeal. 

 The judgments in trial cause numbers 94436, 94455, and 94652 are affirmed.

 AFFIRMED. 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on May 18, 2007

Opinion Delivered July 25, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Similar to a recent case decided by this Court, at Sias's motion-to-adjudicate-guilt
hearing, the trial judge called the cases separately and (1) the court described the prior history
of the case, (2) the court then stated the probation term Sias was alleged to have violated and
then asked Sias if the allegation was true or not true, (3) Sias responded "true" to the
allegation, and (4) the court moved on to the next case. See Nichols v. State, No. 09-06-261-CR, No. 09-06-262-CR, No. 09-06-263-CR, No. 09-06-264-CR, 2007 Tex. App. LEXIS
2989, at *3, n.1 (Tex. App.-Beaumont Apr. 18, 2007, pet. filed) (not designated for
publication). At the conclusion of the adjudication hearing, the trial judge stated, "I'm going
to accept your plea in all cases, reset this matter for sentencing on August 7th at 9:30. I'm
going to get an updated report in each case. We'll see you at that time." The trial court did
not "accept" the pleas of "true" individually and separately. However, like Nichols, the
record reveals that at this hearing and at the other three hearings the trial court called each
case individually and treated each case separately. See id. Therefore, the intertwining
treatment of cases as described by this Court in Polanco v. State, 914 S.W.2d 269, 271-72
(Tex. App.-Beaumont 1996, pet. ref'd), is not present, and the record is sufficient to
conclude that Sias was not tried in a single criminal action.
2. Sias claims that the sentencing hearing following adjudication of guilt was one
consolidated punishment hearing because the trial court initially called a cause number,
unrelated to the trial cause numbers at issue here, heard arguments from counsel, and then
proceeded to call the other causes without additional comments from counsel before
sentencing Sias in all cases. While the record reflects that at the outset of this hearing, the
trial court called cause number 97004, heard arguments, and then proceeded to sentence Sias,
the record also indicates that in each case relevant to this appeal, the trial court individually
called the cause number, found the evidence sufficient to find the alleged probation violation
true, found the violation true, revoked Sias's unadjudicated probation, found Sias guilty of
the charged offense, assessed punishment, credited prior service time, and then orally
announced its ruling on the cumulation of Sias's sentences. The trial court then re-called
cause number 97004, found the evidence sufficient to find Sias guilty of that offense, and
assessed punishment. We hold that the trial court's procedure did not amount to a
consolidated punishment hearing. See Robbins v. State, 914 S.W.2d 582, 583-84 (Tex. Crim.
App. 1996).