NO. 07-06-0176-CR


 07-06-0177-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 10, 2007


______________________________



ALISTER CARLTON BULL A/K/A ALEISTER CARLTON BULL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 36,932-B, 36,933-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION


 Appellant Alister Carlton Bull a/k/a Aleister Carlton Bull appeals his two convictions
for aggravated assault with a deadly weapon. In two issues, he asserts that the trial court
erred by stacking his sentences and that cumulative sentencing was cruel and unusual
punishment. We modify one of the judgments, affirm it as modified, and affirm the other
judgment.



Background


 In August 1996, in an altercation outside an Amarillo bar, appellant stabbed the
establishment's manager, Brian Day and one of its security personnel, John Jones. 
Appellant was indicted separately for the offenses of aggravated assault of Day and Jones
with a deadly weapon. The matters proceeded under Potter County Cause Numbers
36,932-B and 36,933-B. In December 1996, appellant plead guilty as charged in both
cases and received deferred adjudication with community supervision in each case.

 In 1998, alleging violations of the terms of community supervision, the State filed
motions to proceed with adjudication in both cases. The motions were resolved through
orders of modification. Alleging new violations of probation, the State filed motions to
proceed in both cases in 2000. Before these motions were heard, appellant absconded
and was not located until November 2005. The State filed amended and second amended
motions to proceed in both cases in February 2006. The trial court held a consolidated
hearing of the State's motions to proceed in both cases in March 2006. 

 At the conclusion of the hearing, the court rendered judgments of guilt in both cases
and sentenced appellant to twenty years confinement in the Texas Department of
Corrections, Institutional Division in each case. The court ordered the sentences run
consecutively. 

 Appellant did not object to cumulative sentencing at the March 2006 hearing, but
raised this complaint in motions to reconsider filed in both cases. The record contains no
indication that the court took action on these motions. Appellant timely perfected appeal
in both cases. 

Issues Presented


 Appellant presents two issues. First, he claims the trial court abused its discretion
by imposing concurrent sentences on offenses arising out of the same criminal episode
prosecuted in a single criminal action. Second, he contends under the facts of his cases,
consecutive sentencing violated his protections under the United States and Texas
Constitutions against cruel and unusual punishment. 

Standard of Review

 We review a complaint about consecutive sentences under an abuse of discretion
standard. Harvey v. State, 821 S.W.2d 389, 392 (Tex.App.-Houston [14th Dist.] 1991, pet.
ref'd). An abuse of discretion generally will be found only if (1) the trial court imposes
consecutive sentences when the law requires concurrent sentences, (2) the trial court
imposes concurrent sentences when the law requires consecutive sentences, or (3) the
trial court otherwise fails to observe the statutory requirements pertaining to sentencing. 
Nicholas v. State, 56 S.W.3d 760, 765 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd).

Issue One - Consecutive Sentences

 Cumulative sentencing is permitted only as provided by statute. See Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006); Harvey, 821 S.W.2d at 392. The parties'
arguments focus upon Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2006). (1) In relevant part
§ 3.03 provides: 

 (a) When the accused is found guilty of more than one offense arising out of
the same criminal episode prosecuted in a single criminal action, a sentence
for each offense for which he has been found guilty shall be pronounced. 
Except as provided by Subsection (b), [which has no application here] the
sentences shall run concurrently. (2)


Same Criminal Episode

 As noted, the two indictments leading to appellant's convictions arose from a single
altercation outside an Amarillo bar. During the course of the altercation appellant stabbed
two victims with a deadly weapon.

 Section 3.01 provides:

 In this chapter, "criminal episode" means the commission of
two or more offenses, regardless of whether the harm is
directed toward or inflicted upon more than one person or item
of property, under the following circumstances:


 (1) the offenses are committed pursuant to the same
transaction or pursuant to two or more transactions that are
connected or constitute a common scheme or plan; or


 (2) the offenses are the repeated commission of the same or
similar offenses.


 We find, and in its brief the State agrees, that the cases before us arose out of the
same criminal episode. 

Single Criminal Action

 Although agreeing with appellant that the trial court erred in cumulating his
sentences, the State points out the record before us does not include a reporter's record
from the 1996 plea hearings. Based on the record, we are thus unable to conclude that
appellant plead guilty to the allegations in both indictments in one action. Thus, we must
inquire further into the applicability of § 3.03.

 Before us is the reporter's record of the March 2006 hearing of the State's 2006
motions to proceed. At this hearing, the court called the cases together, adjudicated
appellant guilty of both offenses, and assessed punishment, in one proceeding. Prior to
commencement of the evidence supporting revocation, the court reviewed separately the
allegations of the motions, which were virtually identical, but gave common admonishments
of voluntariness of pleas, competency, and citizenship. The presentation of testimonial
evidence that followed was inseparable between the two cases. The one piece of
documentary evidence received, a fictitious driver's license obtained by appellant, bears
equally on both cases.

 The Penal Code does not define the term "single criminal action," but the court of
criminal appeals has held "a defendant is prosecuted in 'a single criminal action' whenever
allegations and evidence of more than one offense arising out of the same criminal episode
. . . are presented in a single trial or plea proceeding, whether pursuant to one charging
instrument or several, and the provisions of Section 3.03 then apply." LaPorte v. State,
840 S.W.2d 412, 415 (Tex.Crim.App. 1992). 

 In Robbins v. State, 914 S.W.2d 582 (Tex.Crim.App. 1996) the defendant plead
guilty separately to two indictments arising from the same criminal episode, but the trial
court conducted one consolidated punishment hearing. Id. at 583. The court of criminal
appeals held that the plea proceedings were not completed until punishment was
assessed. Id. at 584. Because the offenses were consolidated for the punishment
hearing, it found § 3.03 applied and the trial court erred by cumulating sentences. Id.

 Here, adjudication of guilt and punishment occurred in a single unified hearing with
no distinction of evidence. The intertwining of facts rendered it a single criminal action. 
See, Polanco v. State, 914 S.W.2d 269, 272 n.2 (Tex.App.-Beaumont 1996, pet. ref'd)
(court pondered a pragmatic approach that inquires whether a separate statement of facts
could be prepared for each proceeding, without reference to the other; a test the cases at
bar could not survive because of their factual interdependence). 

 Despite the absence of a record showing that appellant's two indictments were
presented in a single plea proceeding in 1996, he was adjudicated and punishment set in
a single unified proceeding; therefore, we concur that Penal Code sections 3.01 and 3.03
required that appellant's sentences run concurrently, and the trial court abused its
discretion by sentencing appellant consecutively. Appellant's first issue is sustained.


Cruel and Unusual Punishment

 In his second issue appellant seeks reversal and remand for the claim that the trial
court's cumulation of sentences constitutes cruel and unusual punishment forbidden by
U.S. Const. Amend. VIII, Tex. Const. art. I § 13, and Tex. Code Crim. Proc. Ann. art. 1.09
(Vernon 2005). We do not address the parties' arguments here as our disposition of
appellant's first issue makes consideration of his second issue unnecessary. 

Conclusion 

 While the State and appellant agree that the court erred in rendering consecutive
sentences, they do not agree on the proper disposition by this Court. Appellant seeks
reversal and remand, while the State asks us to reform the judgment in Cause No. 36,933-B deleting therefrom all references that the sentence runs cumulative to, consecutive to,
or in any way after completion of appellant's sentence in Cause No. 36,932-B.

 When a trial court erroneously cumulates sentences, the appropriate remedy is to
reform the judgment and delete the cumulation order. Robbins, 914 S.W.2d at 584.

 Accordingly, we reform the judgment of the trial court in Cause No. 36,933-B and
delete all reference suggesting that the sentence in that cause is to run cumulative to,
consecutive to, or in any way after completion of the sentence in Cause No. 36,932-B. The
judgment is affirmed as reformed, and the judgment in Cause No. 36,932-B is affirmed.

 Also pending before the Court is appellant's motion requesting that we discharge
his appellate attorney. The motion is overruled.


 James T. Campbell 

 Justice 





Do not publish.





1. Citations to Tex. Pen. Code. Ann. shall hereinafter be by section number only.
2. The applicable portion of § 3.03 in place in August 1996 bears no substantive
difference to the current version of the section.


hamphetamine" was used in order to
create probable cause so a warrant could be obtained, the use of the word "cocaine" would
have achieved the same result. Furthermore, nothing of record indicates that Gunn had
anything to gain by using the name of the wrong controlled substance and, therefore, a
reasonable trier of fact could have found beyond a reasonable doubt that the misstatement
was merely negligent and that the officers relied in objective good faith on the warrant when
searching appellant's residence. Further, the findings are neither manifestly unjust or
contrary to the overwhelming weight of the evidence. 

Issues 10 and 11 - Legal and Factual Sufficiency


 In his final two issues, appellant contests the legal and factual sufficiency of the
evidence to sustain the verdict. We overrule the issues.

 Appellant's arguments are founded upon the contention that the evidence of cocaine
should have been suppressed given the purported deficiencies in the affidavit which we
addressed in the prior issues. Yet, having found that the trial court did not err in refusing
to suppress the evidence, the basis for appellant's argument is non-existent. Thus, we
cannot but reject his allegations. 

 Accordingly, the judgment is affirmed.


 Brian Quinn 

 Justice

 

Do not publish.
1. Appellant does not present separate authority for the two issues, and we will therefore address them
together. 
2. It did not address whether the mistake was intentional for appellant was not arguing that it was.