NO. 07-08-0183-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2008

______________________________

MARY L. REYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413009; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Order of Dismissal

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mary L. Reyes, appellant, attempts to appeal her conviction for driving while intoxicated with a passenger under fifteen years of age.  The court imposed sentence on January 18, 2008.   Appellant then filed a motion for new trial on February 14, 2008.  Her notice of appeal was filed on April 18, 2008.  We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed.  
Tex. R. App. P
. 26.2(a).  A motion for new trial having been filed, appellant's notice of appeal was due to be filed on or before April 17, 2008.  Appellant’s attorney was notified by this court on May 16, 2008, that the notice of appeal appears untimely and directed him to file any documents or matters considered necessary for this court to determine its appellate jurisdiction.  These documents were to be filed no later than May 27, 2008.  No documents or response have been received by the court to date. 
 

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  
Id
. at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant’s appeal is dismissed.
(footnote: 1)

Brian Quinn 

          Chief Justice 

Do not publish.  Inasmuch as the exception to concurrent sentencing found in the Texas Penal Code does not apply to the offenses for which appellant was convicted, the sentences must run concurrently.  
See
 § 3.03(a).  The State has conceded this issue.  Accordingly, the judgments of the trial court are reformed to delete the cumulation orders.   
Tex. R. App. P. 
43.2(b); 
Robbins v. State
, 914 S.W.2d 582, 584 (Tex.Crim.App. 1996)
.  As reformed, the judgments of the trial court are affirmed. 

Mackey K. Hancock

                   Justice

Do not publish.  

FOOTNOTES
1:
The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  
See
 
Tex. Code Crim. Proc. Ann
. art. 11.07 (Vernon 2005).