NOS. 07-07-0229-CR


 07-07-0230-CR

 07-07-0231-CR

 07-07-0232-CR

 07-07-0233-CR

 07-07-0234-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 15, 2008


______________________________



LEWIS PETEET, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NOS. 4288, 4289, 4290, 4291, 4292, 4293;



HONORABLE STEVEN EMMERT, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Lewis Julian Peteet, appeals the sentences from his convictions for six
first degree felonies. Appellant was sentenced to terms of 99 years imprisonment in the
Institutional Division of theTexas Department of Criminal Justice and fines of $10,000 for
each of the six convictions. All six sentences were ordered to be served consecutively. 
By one issue, appellant contends that the sentencing to consecutive terms was error. We
agree and reform the judgments to reflect concurrent sentencing in the six cases.

 The facts are not in dispute. Appellant and another individual, both armed, forcibly
entered the home of Jimmy Maddox and restrained Jimmy Maddox, Tammy Maddox, and
their daughter. All three were bound with their hands behind them and placed in the cellar
of the family home. Items of personal property and the family automobile were taken. 
Subsequently, appellant was captured and indictments were returned alleging one count
of aggravated robbery and one count of aggravated kidnapping for each victim. The State
filed a motion to try all six cases in one jury trial. The trial court granted the motion. The
jury returned guilty verdicts in each of the six cases and assessed punishment at
confinement for 99 years and a $10,000 fine in each case. The trial court subsequently
ordered all sentences to be served consecutively. Appellant objected to the consecutive
nature of the court's judgments. Additionally, appellant filed a motion for new trial again
raising his objection to the consecutive nature of the trial court's judgments. This appeal
followed.

 Appellant contends, and the State agrees, that all six indictments arose out of one
criminal episode. See Tex. Penal Code Ann. § 3.01 (Vernon 2003). (1) Further, appellant
states that the indictments were tried in a single criminal action, pursuant to the State's
motion filed with the trial court. See § 3.02(a). Inasmuch as the exception to concurrent
sentencing found in the Texas Penal Code does not apply to the offenses for which
appellant was convicted, the sentences must run concurrently. See § 3.03(a). The State
has conceded this issue. Accordingly, the judgments of the trial court are reformed to
delete the cumulation orders. Tex. R. App. P. 43.2(b); Robbins v. State, 914 S.W.2d 582,
584 (Tex.Crim.App. 1996). As reformed, the judgments of the trial court are affirmed. 

 Mackey K. Hancock

 Justice




Do not publish. 

1. Further reference to the Texas Penal Code will be by reference to § ___.