NOS. 07-07-0229-CR
07-07-0230-CR
07-07-0231-CR
07-07-0232-CR
07-07-0233-CR
07-07-0234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 15, 2008
_____

LEWIS PETEET, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NOS. 4288, 4289, 4290, 4291, 4292, 4293;

HONORABLE STEVEN EMMERT, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lewis Julian Peteet, appeals the sentences from his convictions for six first degree felonies. Appellant was sentenced to terms of 99 years imprisonment in the Institutional Division of theTexas Department of Criminal Justice and fines of $10,000 for each of the six convictions. All six sentences were ordered to be served consecutively.

By one issue, appellant contends that the sentencing to consecutive terms was error. We agree and reform the judgments to reflect concurrent sentencing in the six cases.

The facts are not in dispute. Appellant and another individual, both armed, forcibly entered the home of Jimmy Maddox and restrained Jimmy Maddox, Tammy Maddox, and their daughter. All three were bound with their hands behind them and placed in the cellar of the family home. Items of personal property and the family automobile were taken. Subsequently, appellant was captured and indictments were returned alleging one count of aggravated robbery and one count of aggravated kidnapping for each victim. The State filed a motion to try all six cases in one jury trial. The trial court granted the motion. The jury returned guilty verdicts in each of the six cases and assessed punishment at confinement for 99 years and a $10,000 fine in each case. The trial court subsequently ordered all sentences to be served consecutively. Appellant objected to the consecutive nature of the court's judgments. Additionally, appellant filed a motion for new trial again raising his objection to the consecutive nature of the trial court's judgments. This appeal followed.

Appellant contends, and the State agrees, that all six indictments arose out of one criminal episode. See TEX. PENAL CODE ANN. § 3.01 (Vernon 2003).[1] Further, appellant states that the indictments were tried in a single criminal action, pursuant to the State's motion filed with the trial court. See § 3.02(a). Inasmuch as the exception to concurrent sentencing found in the Texas Penal Code does not apply to the offenses for which

_____

[1]Further reference to the Texas Penal Code will be by reference to § ___.

appellant was convicted, the sentences must run concurrently. <u>See</u> § 3.03(a). The State has conceded this issue. Accordingly, the judgments of the trial court are reformed to delete the cumulation orders. TEX. R. APP. P. 43.2(b); <u>Robbins v. State</u>, 914 S.W.2d 582, 584 (Tex.Crim.App. 1996). As reformed, the judgments of the trial court are affirmed.


Mackey K. Hancock
Justice


Do not publish.