NO. 07-09-0109-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 5, 2009

______________________________


DOUGLAS RUBINS, APPELLANT

V.

TEXAS WORKFORCE COMMISSION, TOM PAUKEN,
AND L.A. FULLER & SONS CONST., CO., APPELLEES


_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 96,974-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Douglas Rubins, proceeding pro se, filed this appeal from the trial court’s
order dismissing, with prejudice, his case against Appellees, Texas Workforce
Commission, Tom Pauken, and L.A. Fuller & Sons Const., Co. By letter from this Court
dated April 14, 2009, Rubins was notified that among other items, a filing fee of $175 was
due within ten days. In response, Rubins filed a motion for extension of time in which to
pay the filing fee or, in lieu thereof, file an affidavit of indigence. The motion was granted
to May 25, 2009,


 with a detailed explanation of the procedures and deadlines for either
filing an affidavit of indigence or paying the filing fee. See Tex. R. App. P. 10.5(b),
20.1(c)(1) & (3). Rubins was also admonished that failure to either pay the required filing
fee of $175 or file a compliant affidavit of indigence accompanied by a motion for extension
of time might result in dismissal of this appeal. Tex. R. App. P. 42.3(c). Rubins did not
respond to this Court’s notice. Neither did he pay the required filing fee or file an affidavit
of indigence.
          In response to a motion for extension of time in which to file the clerk’s record for
nonpayment, this Court abated the request pending Rubins’s compliance with the Court’s
directive. Rubins’s failure to comply with the Court’s directive renders the clerk’s request
for an extension of time moot.
          Accordingly, the appeal is dismissed for failure to comply with an order of this Court. 
Tex. R. App. P. 42.3(c).
                                                                           Patrick A. Pirtle

                                                                                 Justice




not find that appellant was egregiously harmed by the
purported error. 

Issue Three - Order Requiring Sentences to Run Consecutively


 Appellant contends that the trial court erred in entering an order wherein it "stacked"
appellant's sentences. In other words, appellant would be required to serve the six
sentences consecutively as opposed to concurrently. The State concedes this point and
asks us to reform the six judgments. We agree and sustain the issue. 

 Accordingly, the judgments of the trial court are reformed to delete the accumulation
orders. Robbins v. State, 914 S. W.2d 582, 584 (Tex. Crim. App. 1996). As reformed, the
judgments of the trial court are in all other respects affirmed. 


 Brian Quinn

 Chief Justice


Publish.
1. Appellant does not raise Texas Rule of Evidence 403.
2. The trial court charged the jury as follows: "'abduct' means to restrain a person with intent to prevent
his/her liberation by using or threatening to use deadly force." So too did it state that "'restrain' means to
restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by
moving the person from one place to another or by confining the person." Through the application paragraph,
it then informed the jury of the following:


 . . . if you find from the evidence beyond a reasonable doubt that on or about the 12th day of
March, 2006 in Wheeler County, Texas, [appellant], did then and there, intentionally or
knowingly abduct []Maddox, by restricting the movements. . . by confining him, with the intent
to prevent [] liberation, secreting or holding [] in a place where [] was not likely to be found,
and [appellant] did then and there use or exhibit a deadly weapon, to wit: a gun, during the
commission of said offense, . . . .