# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00103-CR
NO. 03-13-00182-CR
NO. 03-13-00183-CR
NO. 03-13-00184-CR
NO. 03-13-00185-CR

**Ray M. Miranda, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR 10-1056, CR-09-0509, CR-09-0522, CR-10-0921, & CR-09-0521
HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Ray M. Miranda pleaded guilty to two counts of third-degree-felony theft and three counts of state-jail-felony theft. *See* Tex. Penal Code § 31.03(e)(4)(A), (e)(5)(B) (changing classification of theft based on value of property stolen). The trial court sentenced Miranda to ten years' imprisonment for both of the third-degree-felony thefts and two years' confinement in a state jail facility for each of the three state-jail-felony thefts, with sentences to run consecutively. On appeal, Miranda asserts—and the State concedes—that the trial court erred in ordering his sentences to run consecutively. We modify the judgments of conviction to delete the cumulation order and affirm the judgments as modified.

**BACKGROUND**

The parties are familiar with the underlying facts of this case—we repeat only those facts that are relevant to our disposition of the issues in this appeal. The theft charges in this case stem from Miranda's repeated conduct of entering into home-improvement contracts, accepting up-front payment for some or all of the value of those contracts, and then abandoning the projects after the work was only partially completed. Miranda entered into these construction contracts between December 24, 2007 and May 1, 2009, and each project dragged on for months or years before it was abandoned. Each of these five offenses involved a different victim and different amount of up-front payment stolen. Miranda was indicted for five counts of theft—one for each of the victims.

Before the conclusion of the guilt/innocence phase of trial, Miranda's trial counsel informed the trial court that Miranda wanted to plead guilty to all five thefts. After the proper admonishments, the trial court accepted Miranda's guilty pleas and proceeded to a single punishment hearing for all five charges. *See* Tex. Code Crim. Proc. art. 26.13(a) (listing admonishments that trial court must give before accepting guilty plea). The trial court sentenced Miranda as outlined above. This appeal followed.

**DISCUSSION**

In his sole issue on appeal, Miranda asserts that the trial court erred in stacking his sentences for the separate thefts. "The trial court's general authority under Article 42.08 [of the Code of Criminal Procedure] to order consecutive sentences is statutorily limited by Section 3.03 [of the Penal Code] . . . ." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Section 3.03(a) of the Penal Code states that if an accused is convicted of multiple offenses that "arise out

of the same criminal episode prosecuted in a single criminal action," then the sentences for each conviction "shall run concurrently" unless one of the exceptions in section 3.03(b) applies. *See* Tex. Penal Code § 3.03(a)–(b). None of the exceptions in section 3.03(b) applies in this case. Thus, the only issue is whether Miranda's multiple convictions (1) arise from the same criminal episode and (2) were prosecuted in a single criminal action. *See id.* § 3.03(a).

A "criminal episode" is defined as "the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person," where the multiple offenses are (1) committed pursuant to the same transaction or are connected by common scheme or (2) "repeated commission of the same or similar offenses." *Id.* § 3.01. In this case, all of Miranda's thefts involved the same basic conduct—contracting to perform residential construction projects, receiving up-front payment for the some or all of the value of those projects, and then abandoning the projects before the work was complete. Although each theft began at different times over the course of a two-year period, the thefts were still repeated commissions of the same or similar offenses. *See* Tex. Penal Code § 3.01(2); *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) ("Section 3.01(2) does not impose a time differential between the commission of the same or similar offenses."). Therefore, we conclude that the thefts in this case "aris[e] out of the same criminal episode" within the meaning of section 3.03 of the Penal Code.

Similarly, the fact that all five offenses were considered in a single punishment hearing means that the multiple offenses were prosecuted in a single criminal action. *See Robbins v. State*, 914 S.W.2d 582, 583–84 (Tex. Crim. App. 1996). When, as in this case, the defendant

3

enters separate guilty pleas to multiple offenses but the court conducts a single punishment hearing before pronouncing the sentences, the offenses have been prosecuted in a single criminal action as a matter of law. *See id.* (concluding that "consolidated punishment hearing defeated the State's and trial court's attempt" to prosecute multiple offenses in separate criminal actions, and thus cumulative-sentence order was void). Therefore, as the State concedes, Miranda's five theft convictions were prosecuted in a single criminal action.

Having already concluded that the five thefts arise out of the same criminal episode, we conclude that section 3.03(a) requires that all five sentences run concurrently. *See* Tex. Penal Code § 3.03(a). The trial court's order cumulating the sentences is an illegal and void sentence. *See Robbins*, 914 S.W.2d at 583–84. We sustain appellant's sole issue on appeal.

When the trial court issues a void cumulation order, the proper remedy is to reform the judgments to set aside the trial court's cumulation order. *See id.*; *see also Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) (reaffirming that unlawful cumulation order is remedied by reforming judgment to set aside cumulation order). We therefore reform the five judgments of conviction to reflect that the sentences shall run concurrently.

**CONCLUSION**

Having sustained Miranda's sole issue on appeal, we modify the judgments of conviction in each cause number to delete the word "CONSECUTIVELY" and instead reflect that the sentences shall run "CONCURRENTLY." We affirm the trial court's judgments of conviction as modified.

4

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Modified and, as Modified, Affirmed

Filed:   June 24, 2014

Do Not Publish