**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00256-CR**
**NO. 09-19-00257-CR**
**NO. 09-19-00258-CR**
**NO. 09-19-00259-CR**
**NO. 09-19-00260-CR**

_____

**JIMMY SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 08-04333, 08-04335, 08-04483, 08-04524, 08-04525**
_____

**MEMORANDUM OPINION**

Jimmy Scott appeals from the final judgments in five cases, each of which involved Scott's conviction for theft, all of which were state jail felonies.[1] In two appellate issues, Scott argues that the trial court erred in the manner it stacked his

---

[1]Tex. Penal Code Ann. § 31.03(e)(4).

1

sentences.[2] The State concedes the trial court erred by stacking the sentences it gave Scott in trial court causes 08-04333, 08-04335, 08-04483, 08-04524 and 08-04525. Accordingly, we sustain Scott's issues and reform the judgments in trial court cause numbers 08-04333, 08-04335, 08-04483, 08-04524 and 08-04525 to reflect that Scott must serve the sentences in these causes concurrently.

## Standard of Review

We review complaints about a trial court's decision to "stack" or run sentences consecutively for abuse of discretion.[3] Generally, an abuse of discretion occurs if the record shows the trial court lacked the authority to stack the defendant's sentences in the manner the court ordered in the case or cases that the defendant appealed.[4]

## Analysis

Unless an exception applies, the Penal Code provides that when an "accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which [the

---

[2]Curiously, the stacking orders in the judgments are in all five of Scott's cases, though it appears obvious to us that Scott needed to serve one of the sentences first before he could possibly have started serving the others.

[3]*See* Tex. Code Crim. Proc. Ann. art. 42.08(a); *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008).

[4]*Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

accused] has been found guilty shall . . . . run concurrently."[5] There are six exceptions to the above rule in section 3.03 of the statute containing the above quoted rule.[6] We agree with the brief filed by the State in which it concedes that none of the exceptions in section 3.03 apply to the convictions at issue.[7] And since Scott's thefts were tried in a single criminal action, the general rule, which provides for cumulative sentences, is the rule that applies to Scott's cases even though the District Clerk assigned Scott's cases separate cause numbers.[8] Because Scott was convicted in a single criminal action, we hold the trial court abused its discretion by stacking Scott's sentences rather than requiring him to serve them concurrently.[9]

When a trial court includes an unlawful cumulation order in the court's judgment, the appropriate remedy is for the reviewing court to delete the erroneous part of the judgment, that is the part in the judgment that erroneously cumulated the defendant's sentence.[10] For that reason, we modify the judgments and delete the cumulation orders found in the judgments in trial court cause numbers 08-04333, 08-04335, 08-04483, 08-04524, and 08-04525.[11]

---

[5]Tex. Penal Code Ann. § 3.03(a).
[6]*Id*. § 3.03(b)(1)-(6).
[7]*Id*.
[8]*Id*.
[9]*See id*. § 3.03; *Robbins v. State*, 914 S.W.2d 582, 583-84 (Tex. Crim. App. 1996).
[10]*Beedy v. State*, 250 S.W.3d 107, 113-114 (Tex. Crim. App. 2008).
[11]*See Robbins,* 914 S.W.2d at 584 & n.1.

3

## Conclusion

We modify the trial court's judgments in trial court cause numbers 08-04333, 08-04335, 08-04483, 08-04524, and 08-04525 by deleting the language in those judgments requiring Scott to begin serving his sentences in those cases after completing his sentence in one of his other cases. In place of the language cumulating Scott's sentences, the judgments in trial court cause numbers 08-04333, 08-04335, 08-04483, 08-04524, and 08-04525 now state that Scott's sentences in cause numbers 08-04333, 08-04335, 08-04483, 08-04524, and 08-04525 will be served concurrently.

For the reasons explained above, the trial court's judgment is

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on February 16, 2021
Opinion Delivered March 3, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

4