

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOs. WR-93,865-01, WR-93,865-02 & WR-93,865-03

### EX PARTE JAMES REED III, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOs. 95027-A, 95129-A & 95130-A
### IN THE 252ND DISTRICT COURT
### JEFFERSON  COUNTY

NEWELL, J., filed a concurring opinion in which HERVEY, KEEL and WALKER, JJ., joined.

Some context is necessary for this case.  Applicant was ultimately convicted in the same proceeding for three different robberies each of which occurred on the same day.  However, the trial court ordered that the sentences—twenty years for each—run consecutively rather than concurrently.  Consequently, Applicant's aggregate sentence is sixty

years in prison rather than twenty.[1]  Everyone agrees that this cumulation order was illegal, but trial counsel did not object at the time. Appellate counsel filed an *Anders* brief rather than raise the illegal cumulation order on appeal.  The court of appeals did not catch it.

Now, Applicant argues that both trial counsel and appellate counsel were ineffective, and he is entitled to have the illegal cumulation order deleted.  The State agrees.  So does the habeas court.  The proper remedy for an illegal cumulation order is to simply delete it.[2]  Given this context, I agree with this Court's decision to resolve the case by deleting the cumulation order and giving the parties what they want.

And no, this resolution of the case does not undermine *Ex parte Carter*.  *Carter* only dealt with the question of whether a bare challenge to a cumulation order is cognizable on a writ, not whether a claim of ineffective assistance of counsel based upon the failure to object to an illegal cumulation order is cognizable.[3]  The plurality specifically noted

---

[1] *But see* TEX. PENAL CODE § 3.03 ("When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense… shall be pronounced…the sentences shall run concurrently…").  Applicant and the State agree that Applicant's convictions were part of the same criminal episode and arose from a single criminal action.  The habeas court likewise agreed that, pursuant to § 3.03, Applicant's sentences should have run concurrently.

[2] *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996).

[3] *Ex parte Carter*, 521 S.W.3d 344, 346 (Tex. Crim. App. 2017).

that the applicant in that case had not sought habeas corpus relief for counsel's failure to object to the cumulation order.[4]  And two of the judges whose votes were necessary to establish a majority for the denial of relief specifically noted that a claim of ineffective assistance based upon the failure to challenge an illegal cumulation order would be cognizable.[5]  *Carter* also did not address what the appropriate remedy should be for such a claim.[6]  The Court rightly avoids expanding the scope of a non-binding, plurality opinion to limit consideration of certain types of ineffective assistance claims particularly considering that no one has asked us to.

Moreover, this case highlights what a waste of judicial resources it has been to continuously tinker with our cognizability jurisprudence. Our holding that a bare challenge to an illegal cumulation order cannot be raised for the first time in a writ application only funneled such claims through the nozzle of ineffective assistance of counsel.[7]  It did not clarify

---

[4] *Id.* at 350.

[5] *Id*. at 354 (Newell, J. concurring) ("Given that Applicant is not challenging the improper cumulation order as a subset of his ineffective assistance claim, I agree with the Court's decision to deny relief on that ground as well.  Otherwise, I would have granted relief on Applicant's ineffective assistance claim.").

[6] *Id.*

[7] *See id.*

our already complicated habeas corpus jurisprudence, and it is hardly more efficient to keep forcing advocates to reframe their legitimate claims. Shifting the remedy in this case from deletion of the illegal cumulation order to an out of time appeal turns the process into a shell game.

The writ of habeas corpus has always been about removing illegal restraint.[8] Deleting the illegal cumulation order in this case removes the illegal restraint. Granting an out of time appeal just forces this Court and a court of appeals to waste judicial resources on yet another appeal to get to the same relief.[9] The parties and the habeas court all agree on a more proper and efficient solution. We should defer to them.

With these thoughts, I join this Court's order granting relief and deleting the illegal cumulation order.

Filed: September 21, 2022

Publish

---

[8] TEX. CODE CRIM. PROC., art. 11.01; *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint.") (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("[T]he very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees.")).

[9] Granting an out-of-time appeal also recognizes the merit of the underlying legal argument that Applicant was harmed by counsel's failure to challenge the improper cumulation order. *See Robbins*, 914 S.W. at 584.