Affirmed and Memorandum Opinion filed October 25, 2007








Affirmed
and Memorandum Opinion filed October 25, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01138-CR

NO. 14-06-01139-CR

NO. 14-06-01140-CR

____________

 

DARRELL ANTHONY HINDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd District
Court

Galveston County, Texas

Trial Court Cause Nos.
05CR3501, 06CR0005, & 06CR0007

 



 

M E M O R A N D U M   O P I N I O N








After a
jury trial, appellant was found guilty of promotion of child pornography in
cause number 05CR3501, aggravated sexual assault of a child in cause number
06CR0005, and sexual performance by a child in cause number 06CR0007.  On
November 3, 2006, appellant was sentenced to confinement in the Institutional
Division of the Texas Department of Criminal Justice for ten years, probated
for ten years for promotion of child pornography, confinement for ten years for
sexual performance of a child, and confinement for fourteen years for
aggravated sexual assault of a child.  The sentences were ordered to be served
consecutively.  Appellant filed a notice of appeal in each case.

Appellant=s appointed counsel filed a brief in
which he concludes the appeal is wholly frivolous and without merit.  The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396 (1967), by presenting a professional evaluation of the record and
demonstrating why there are no arguable grounds to be advanced.  See High v.
State, 573 S.W.2d 807, 811-12 (Tex. Crim. App. 1978).

A copy
of counsel=s brief was delivered to appellant.  Appellant was advised of the right
to examine the appellate record and file a pro se response.  See Stafford v.
State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  As of this date, more
than sixty days has elapsed and no pro se response has been filed.

We have
carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit.  See Bledsoe v. State, 178 S.W.3d
824, 827-28 (Tex. Crim. App. 2005).  Further, we find no reversible error in
the record.  A discussion of the brief would add nothing to the jurisprudence
of the state.








We have
the authority to reform the trial court=s judgment if necessary.[1] 
See French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); see
also Tex. R. App. P. 43.2(b)The
State has conceded that appellant=s sentence in cause number 05CR3501,
promotion of child pornography, should not be cumulated.[2] 
When a cumulation order is improper, we are to reform the judgment to delete
the improper cumulation order.  Robbins v. State, 914 S.W.2d 582, 584
(Tex. Crim. App. 1996). 

Accordingly,
the judgments of the trial court are affirmed as reformed to delete the
cumulation order with respect to cause number 05CR3501.  The cumulation order
remains in effect with respect to the sentences in cause numbers 06CR0005 and
06CR0007.  The trial court=s judgments are affirmed in all other respects.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed October
25, 2007.

Panel consist Chief Justice Hedges and Justices
Anderson and Seymore 

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Courts of appeals may reform the trial court=s judgment even when counsel has filed an Anders brief. 
See, e.g., Yarclay v. State, No. 2-06-217-CR, 2007 WL2330929 (Tex. App.CFort Worth Aug. 16, 2007, no pet.) (not designated for
publication) (reforming erroneous restitution order);  Wiley v. State,
Nos. 01-05-00033-CR & 01-05-00034-CR, 2006WL1428850 (Tex. App.CHouston [1st Dist.] May 25, 2006, no pet.) (not
designated for publication) (reforming erroneous enhancement finding). 





[2]  Under the current law, promotion of child
pornography is an eligible offense for which the sentence may be ordered served
consecutively to other sentences listed as eligible offenses, including
aggravated sexual assault of a child and sexual performance by a child.  See Act
of May 23, 2005, 79th Leg., R.S., ch. 527, ' 1,
2005 Tex. Gen. Laws 1429, 1430.  The change in the law does not apply
retroactively to an offense commented before September 1, 2005, as the offenses
in this case were.  Id.