Charles HAIGHT, Appellant,

v.

The STATE of Texas.

No. 623–03.

Court of Criminal Appeals of Texas.

June 9, 2004.

Carl A. Parker, Austin, for Appellant.

Jeffrey L. Van Horn, First Asst. St. Atty., Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HOLCOMB, J., delivered the opinion for a unanimous Court.

■ The question presented is whether the court of appeals erred in holding that appellant's conviction for official oppression in this case is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1] We hold that the court of appeals erred.

We begin our discussion with a review of the relevant facts: A La Salle County grand jury presented two indictments charging appellant, then a sergeant in the Texas Department of Public Safety, with official oppression under Texas Penal Code

§ 39.03(a)(1).[2,3] The first indictment alleged that appellant, on or about July 2, 1998, "intentionally subject[ed] Jose Luis Napoles to an arrest that [appellant] knew was unlawful." The second indictment alleged that appellant, on or about that same date, "intentionally subject[ed] Jose Luis Napoles to mistreatment that [appellant] knew was unlawful, to-wit causing Jose Luis Napoles to strike a motor vehicle." The trial court consolidated the two cases for trial, and, later, a jury found appellant guilty under both indictments.[4] The jury assessed appellant's punishment in each case at incarceration for six months and a $2,000 fine.

On direct appeal, appellant argued, apparently for the first time,[5] that he had been twice convicted and punished for the same offense, in violation of his rights under the Double Jeopardy Clause of the Fifth Amendment. The court of appeals agreed. *Haight v. State*, 103 S.W.3d 498, 504 (Tex.App.-San Antonio 2003). The court of appeals then determined that the appropriate remedy was for it to affirm the trial court's judgment with respect to the first indictment (the "official oppression by unlawful arrest" indictment), and

---

1. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This guarantee applies to state prosecutions through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

2. The grand jury also returned a third indictment charging appellant with official oppression, but that indictment and appellant's conviction under it are not before us. In our opinion today, we discuss only those facts necessary to the disposition of this appeal.

3. Section 39.03 provides in relevant part:
   (a) A public servant acting under color of his office or employment commits an offense if he:
   (1) intentionally subjects another to mistreatment or to arrest, detention, search,

seizure, dispossession, assessment, or lien that he knows is unlawful;
   (2) intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful; or
   (3) intentionally subjects another to sexual harassment.

4. The State presented evidence that appellant, during a routine traffic stop, physically assaulted Napoles and then arrested him without a warrant and without probable cause.

5. We will assume, without deciding, that appellant's claim could properly be raised for the first time on appeal. See *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex.Crim.App. 2000).

to reverse the trial court's judgment and render a judgment of acquittal with respect to the second indictment (the "official oppression by unlawful mistreatment" indictment). *Ibid.*

■ We granted the State's petition for discretionary review to determine whether the court of appeals erred in reversing the trial court's judgment and rendering a judgment of acquittal with respect to the second indictment. See Tex.R.App. Proc. 66.3. In its brief to this Court, the State argues that "[t]he disposition of this case should be controlled by this Court's ... decision in *Vick v. State*, 991 S.W.2d 830 (Tex.Crim.App.1999)." [6] We agree.

In *Vick*, James Lee Vick was indicted, tried, and acquitted of intentionally causing his sex organ to penetrate a female child's sex organ. See Tex. Pen.Code § 22.021 (aggravated sexual assault). Later, Vick was indicted for intentionally causing his mouth to contact a female child's sex organ. The second indictment was based on the same alleged criminal transaction as the first. Vick filed a pretrial motion to dismiss the second indictment on the ground that it alleged the same offense for which he had already been tried and acquitted. The trial court granted the motion, and the court of appeals affirmed. We reversed, holding that, consistent with the Double Jeopardy Clause, Vick could be prosecuted again under § 22.021 because "the two indictments alleged violations of separate and distinct statutory aggravated sexual assault offenses ... involv[ing] separate and distinct acts." *Vick v. State*, 991 S.W.2d at 833. We began our analysis in *Vick* by explaining that determining whether James Lee Vick could constitutionally be

subjected to multiple prosecutions and thus multiple punishments under Texas Penal Code § 22.021 "require[d] a statutory analysis to determine whether the Legislature intended [to allow] multiple prosecutions [and thus multiple punishments]." *Id.* at 832. We continued:

Article [sic] 22.021 is a conduct-oriented offense [sic] in which the Legislature criminalized very specific conduct of several different types. Also, the statute expressly and impliedly separates the sections by "or," which is some indication that any one of the proscribed conduct provisions constitutes an offense.... In sum, Sec. 22.021 is a conduct-oriented statute; it uses the conjunctive [sic] "or" to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit. These considerations lead us to conclude that the Legislature intended that each separately described conduct constitutes a separate statutory offense.

*Id.* at 833.

Turning to the instant case, we find that § 39.03, on its face, is also a conduct-oriented statute that criminalizes several different types of conduct, each of which, if committed, would cause a different type of harm to a victim. Furthermore, the statute's various phrases and subsections are separated by the disjunctive "or," which is at least some indication that any one of the prohibited types of conduct would constitute a separate offense. Finally, we can conceive of no reason why the Legislature would *not* want each of the prohibited types of conduct to be considered a separate offense when each would cause a *dif-*

**6.** In his brief to this Court, appellant states that he "unequivocally concur[s] with the State's analysis of the allowable unit of prosecution.... A person *can* properly be charged with multiple counts of official oppression against a single victim—for multiple *acts.*" (Emphasis in original.)

*ferent* type of harm to a victim. For these reasons, we conclude that the Legislature intended each of the prohibited types of conduct to be a separate statutory offense, even though such criminal acts might be in close temporal proximity.

Here, appellant was convicted of committing, during a single criminal transaction, both "official oppression by unlawful arrest" and "official oppression by unlawful mistreatment." Each of appellant's offenses was a separate offense under § 39.03 for which, consistent with the Double Jeopardy Clause, he could be convicted and punished, and the court of appeals erred in holding otherwise.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.