IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1765-05






BARRY LOUIS PIZZO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


GRIMES COUNTY




 

 Keasler, J., delivered the opinion for a unanimous Court. Price, J., filed a
concurring opinion in which Johnson and Cochran, JJ., joined. 


O P I N I O N 


 Barry Louis Pizzo appealed his conviction for indecency with a child by contact,
alleging that he was denied the right to a unanimous verdict because the indictment alleged
breasts and genitals in the conjunctive and the instruction authorized a conviction if the jury
found that he touched the breasts or genitals of the victim. Finding that the instruction
properly charged different methods of commission disjunctively, the lower court affirmed. (1) 
We reverse and remand for a harm analysis.Procedural Background

 Pizzo was charged with, among other things, indecency with a child by contact in
violation of Section 21.11(a)(1) of the Penal Code. (2) Counts II and III of the indictment alleged
that Pizzo 

 on or about the 21st day of June, 2001 . . . did then and there, with the intent to
arouse and gratify the sexual desire of said Defendant, intentionally and
knowingly engage in sexual contact by touching the GENITALS AND
BREASTS, of [A.S.], a child younger than 17 years of age and not the spouse of
the Defendant. 

The evidence presented at trial showed that on two separate occasions--one in A.S.'s house
and one in Pizzo's trailer--Pizzo touched both the breasts and genitals of A.S. At the charge
conference, asserting his right to a unanimous jury verdict, Pizzo objected to the proposed
charge because the application paragraphs as to Counts II and III set out the form of sexual
contact in the disjunctive. Pizzo stated:

 the words 'breast' or 'genitals' in each, are charged obviously in the disjunctive. 
I'm requesting that they be charged in the conjunctive with an 'and' because
otherwise, you don't know if six jurors decided 'genitals' and six decided
'breasts,' and the possibility of a non-unanimous verdict because it's charged in
the same paragraph.


The trial judge overruled the objection and the charge submitted to the jury on Counts II and
III read, in part, as follows:

 if you find from the evidence, beyond a reasonable doubt, that on or about the
21st day of June, 2001 in Grimes County, Texas the defendant, BARRY LOUIS
PIZZO, did then and there intentionally or knowingly engage in sexual contact
with [A.S.] by touching the genitals or breasts of [A.S.], and [A.S.] was then and
there under the age of seventeen years and not the spouse of the defendant, and
that said act, if any, was committed with the intent on the part of the defendant
to arouse or gratify the sexual desire of himself, then you will find the defendant
guilty . . . .


As to Count II, the jury found Pizzo guilty and sentenced him to nine years' imprisonment and
assessed a $7,000 fine. And, as to Count III, the jury found Pizzo not guilty. 

 Pizzo appealed his conviction under Count II and, in his sole point of error, he claimed
that the trial judge erred "by overruling his objection to the court's charge requesting that the
terms 'breast or genitals' be charged in the conjunctive rather than in the disjunctive." (3) In a
memorandum opinion affirming the judgment of the trial court, the Corpus Christi Court of
Appeals held that Pizzo was not denied his right to a unanimous verdict because the trial judge
"properly charged both means of sexual contact disjunctively." (4) The court concluded that our
holding in Kitchens v. State (5) was controlling. (6) In doing so, the court relied on the following
statements from our opinion in Kitchens: 

 although the indictment may allege the differing methods of committing the
offense in the conjunctive, it is proper for the jury to be charged in the
disjunctive. It is appropriate where the alternative theories of committing the
same offense are submitted to the jury in the disjunctive for the jury to return
a general verdict if the evidence is sufficient to support a finding under any of
the theories submitted. (7)


In short, the court of appeals concluded that the touching of the breasts and genitals, which
occurred during the same encounter, were not separate offenses but were only different means
of committing the offense of indecency with a child by contact. (8)

 Pizzo filed a petition for discretionary review. We granted review to determine whether
the court of appeals erred by failing to apply our ruling in Francis v. State, where we held that
it was error to charge in the conjunctive when the breast-touching and genital-touching
incidents were two separate indecency by contact offenses because they occurred on different
dates. (9) Citing Francis, Pizzo's ground for review asks: Did the court of appeals err "in holding
that the trial court's submission of a disjunctive in the court's charge concerning two different
offenses, both constituting the offense of indecency with a child, was not a denial of [his] right
to a unanimous jury verdict?" We conclude that the court of appeals erred because the jury
instruction improperly charged two separate offenses in the disjunctive and therefore
permitted a conviction on less than a unanimous verdict.

Law and Analysis

 "Under our state constitution, jury unanimity is required in felony cases, and, under our
state statutes, unanimity is required in all criminal cases." (10) Unanimity ensures that all jurors
reach a consensus "on the same act for a conviction." (11) To discern what a jury must be
unanimous about, appellate courts examine the statute defining the offense to determine
whether the Legislature "creat[ed] multiple, separate offenses, or a single offense" with
different methods or means of commission. (12) "[J]ury unanimity is required on the essential
elements of the offense" but is "generally not required on the alternate modes or means of
commission." (13) Therefore, it is necessary to identify the essential elements or gravamen of
an offense and the alternate modes of commission, if any. (14) This is accomplished by
diagraming the statutory text according to the rules of grammar. (15) The essential elements of
an offense are, at a minimum: (1) "the subject (the defendant);" (2) "the main verb;" (3) "the
direct object if the main verb requires a direct object (i.e., the offense is a result-oriented
crime);" (16) "the specific occasion[;]" (17) and the requisite mental state. The means of commission
or nonessential unanimity elements are generally set out in "adverbial phrases" that describe
how the offense was committed. (18) Such phrases are commonly preceded "by the preposition
'by[.]'" (19) 

 The unanimity requirement is not violated when the jury has the option of choosing
between alternative modes of commission. (20) Therefore, different modes of commission may
be presented in a jury instruction in the disjunctive when the charging instrument, in a single
count, alleged the different means in the conjunctive. (21) 

 The version of the indecency with a child statute, Section 21.11, Penal Code, in effect
when Pizzo committed the offense stated: "(a) A person commits an offense if, with a child
younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
(1) engages in sexual contact with the child; . . . ." (22) The definition of "sexual contact," located
in Section 21.01(2) of the Penal Code, was defined as follows: "any touching of the anus,
breast, or any part of the genitals of another person with intent to arouse or gratify the sexual
desire of any person." (23)

 Pizzo argues that the definition of sexual contact includes three "separate and discrete"
offenses and that "the disjunctive pleading leaves all to speculate as to whether the verdict was
truly unanimous--or whether the jurors were divided on that count or paragraph between the
breast-touching and the genital-touching." Pizzo therefore claims that this case is controlled
by Francis, which "condemned this type of charge under these circumstances." The State
contends that the touching of the breast and genitals are different methods of committing the
offense of indecency by contact "and therefore, may be proved disjunctively." The State
asserts: "Where both types of contact occur at the same time, they constitute a single act." 
Because each incident involved the touching of the breasts and genitals, the State maintains that
Francis is inapplicable.

 Before we analyze the text of Penal Code Sections 21.11(a)(1) and 21.01(2), we
consider our opinions in Kitchens, which the court of appeals relied on in affirming Pizzo's
conviction, and Francis, which Pizzo relies on to support his claim of error by the court of
appeals. 

 In Kitchens, we were called upon to decide whether the jury instruction, which set out
two alternative ways of committing capital murder--in the course of sexual assault or 
robbery--in one application in the disjunctive when the two alternative theories had been
alleged in separate paragraphs of the indictment in the conjunctive, failed to require a
unanimous jury verdict. (24) We concluded that a jury may issue a general verdict where different
modes of commission are submitted in the disjunctive and there is sufficient evidence to
support either mode of commission. (25) As a result, we held that the disjunctive jury instruction
required a unanimous verdict. (26) 

 In Francis, the indictment charged Francis, the appellant, with one count of indecency
by contact. (27) The State presented evidence of four separate acts but elected to proceed on two
of the acts that had occurred on different dates, "one involving the touching of the victim's
breasts and one involving the touching of the victim's genitals." (28) After the trial judge denied
his request to require the State to elect between the two acts, Francis objected to the
disjunctive jury instruction, stating "'we would object to the language that says 'engage in
sexual contact by touching the breast or genitals . . . .' We would object to using the term 'or'
and request that the charge be read 'breast and genitals . . .'." (29) The trial judge overruled the
objection and a jury ultimately found Francis guilty. (30) On appeal, Francis claimed that the jury
charge "allowed a conviction on less than a unanimous verdict." (31) The Fort Worth Court of
Appeals held that the "charge merely included different means of committing the charged
offense[.]" (32) We granted review to determine whether the court of appeals erred. (33) 
Distinguishing Kitchens, we noted that "alternate theories of committing the same offense
were not submitted to the jury in the instant case. Rather, two separate offenses were
submitted to the jury in the disjunctive." (34) We observed that there had not been "a single
incident alleged in which [Francis] touched both the breasts and the genitals of the victim." (35) 
We stated that "it is possible that six members of the jury convicted [Francis] on the breast-touching offense . . . and six members convicted [Francis] on the genital-touching offense . .
. ." (36) We then held that the disjunctive jury instruction "created the possibility of a non-unanimous jury verdict" and reversed the judgment of the court of appeals. (37)

 In this case, unlike Francis, the breast-touching and genital-touching occurred during
that same incident. With that in mind, we will now examine the statutory text of Sections
22.11(a)(1) and 21.01(2) to determine whether the offense of indecency by contact includes
three separate offenses or a single offense with different methods of commission. 

 Parsing the text of Section 21.11(a)(1) according to the rules of grammar, we end up
with the following breakdown: 

 "A person"--subject (the defendant)

 "commits"--verb

 "an offense"--direct object

 "if, with a child younger than 17 years and not his spouse, whether the child is of the
same or opposite sex,"--prepositional phrase


 "he"--subject

 "engages in"--transitive verb phrase

 "sexual contact"--direct object

 "with a child"--prepositional phrase 

The main verb here is "commits" and the direct object is "offense." The direct object
"offense" refers to the subsequent direct object "sexual contact." Continuing, our breakdown
of the definition of "sexual contact" produces the following:

 "touching"--verb

 "of"--preposition

 "the anus,"--direct object

 "breast,"--direct object

 "or"--conjunction

 "any part of the genitals"--direct object

 "of another person with intent to arouse or gratify the sexual desire of any
person"--prepositional phrase 


Although the statutory text does not include the preposition "by" as an introduction to the word
"touching," it is implied. To conceptualize this, the definition of "sexual contact" in Section
21.01(2) can be plugged into the text of Section 21.11(a)(1), resulting in the following: "(a)
A person commits an offense if, with a child younger than 17 years and not his spouse, whether
the child is of the same or opposite sex, he: (1) engages in sexual contact with the child [by]
["any touching of the anus, breast, or any part of the genitals of another person with intent to
arouse or gratify the sexual desire of any person."]; . . . ." 

 Unlike murder, injury to a child, and criminal mischief where the result is the focus, the
conduct is the focus of the definition of sexual contact. The definition of sexual contact
specifies the nature of the conduct and the required mental state that leads to the result. In
defining sexual contact, the Legislature placed limitations on the prohibited conduct by
criminalizing only three specific types of acts. A person can engage in sexual contact by
touching the anus, by touching the breast, or by touching the genitals with the requisite intent. 
Each one of these acts represents a different offense. Any alternative mode of commission
relates to how the touching was effectuated, not where the touching occurred. 

 This determination comports with our decision in Vick v. State, in which we held that
aggravated sexual assault, as defined in Section 22.021(a)(1)(B), Penal Code, is a conduct-oriented offense that proscribes separate and distinct acts of commission. (38) There, we were
confronted with the issue of whether the prohibition against double jeopardy precludes
multiple prosecutions under Penal Code Section 22.021(a)(1)(B) where the proscribed
conduct occurred during the same transaction. (39) Looking at the statutory text of subsections
(i)-(iv) in Section 22.021(a)(1)(B), we recognized that (i) and (ii) "concern penetration of the
child, one focusing on the genital area, and the other on the mouth[,]" while (iii) and (iv)
concern "penetration and contact of another in a sexual fashion, by the sexual organ or anus of
the child." (40) We also observed that subsections (i)-(iv) are separated by "the conjunctive 'or'
to distinguish and separate different conduct[.]" (41) We then concluded:

 The statute criminalizes many types of sexually assaultive conduct with a child. 
Yet, each section usually entails different and separate acts to commit the
various, prohibited conduct. This specificity reflects the legislature's intent to
separately and distinctly criminalize any act which constitutes the proscribed
conduct. An offense is complete when a person commits any one of the
proscribed acts. (42)


Based on this determination, we held that "the Legislature, through the language of the statute,
has rejected grouping aggravated sexual assaults by 'transaction.'" (43) We therefore concluded
that the State's subsequent prosecution of the appellee, Vick, for causing the female sexual
organ of the victim to contact appellee's mouth under subsection (a)(1)(B)(iii) following an
acquittal for the offense of causing the penetration of the female sexual organ of the victim
with appellee's sexual organ under subsection (a)(1)(B)(i) was not barred for double jeopardy
purposes when the offenses occurred during the same transaction. (44)

 The definition of sexual contact bears some of the hallmarks we found determinative
to our conclusion that Section 22.021(a)(1)(B)(i)-(iv) criminalizes different, specific types
of conduct in Vick. (45) In Vick, we observed that subsections (i)-(iv) in Section 22.021(a)(1)(B)
each contain varied direct objects following the verb "causes." (46) Sexual contact contains three
distinct direct objects--the anus, the breast, and the genitals--following the verb "touching." 
 Additionally, each specific type of contact, like the offenses in Section 22.021(a)(1)(B)(i)-(iv), are separated by the conjunction "or." Thus, the offense of indecency by contact is
completed when a person commits any one of the three proscribed acts. As with Section
22.021(a)(1)(B)(i)-(iv), the Legislature has refused to group indecency by contact by
transaction. (47) Consequently, if a person touches the anus, breasts, and genitals of a child with
the requisite intent during the same transaction, the person is criminally responsible for three
separate offenses.

 Our recent analysis of the statute defining the offense of injury to a child in Section
22.04(a) of the Penal Code in Stuhler v. State (48) also supports our conclusion. In analyzing
Section 22.04(a)(1)-(3), we identified the main verb defining the offense as "'causes'" and the
direct objects as "'serious bodily injury,' 'serious mental deficiency, impairment, or injury'
or plain 'bodily injury.'" (49) We noted that the Legislature "defined the offense of injury to a
child according to the kind and degree of injury that results" and that the "various results are
set out in different subsections of the statute, and the degree of the offense is determined, at
least in part, according to which of the results the defendant's act or omission caused." (50) 
Based on this, we held that subsections (1)-(3) in Section 22.04(a) are "elemental" and require
juror unanimity. (51) 

 The verb "touching" in the definition of sexual contact serves the same function as the
verb "causes" in Section 22.04(a) of the injury to a child statute. Each introduces the specific
direct objects provided by the Legislature. The direct objects following the verb "causes" in
the injury to a child statute focus on the result of a defendant's act or omission. In the
definition of sexual contact, in contrast, the direct objects are specific types of prohibited
conduct, each of which are essential elements of the offense of indecency with a child by
contact as defined in Section 22.11(a)(1).

 Based on the foregoing, we hold that the Thirteenth Court of Appeals erred in holding
that this case is controlled by our decision in Kitchens. Our analysis makes clear that the
offense of indecency with a child by contact in Section 22.11(a)(1) is a conduct-oriented
offense. "Sexual contact," as defined in Section 22.01(B), criminalizes three separate types
of conduct--touching the anus, touching the breast, and touching the genitals with the requisite
mental state. Therefore, each act constitutes a different criminal offense and juror unanimity
is required as to the commission of any one of these acts. Because the indictment charged
Pizzo with touching the breasts and genitals of A.S. in the conjunctive, Pizzo's right to a
unanimous verdict was possibly violated by the trial judge's jury instruction charging breasts
and genitals in the disjunctive. Like the charge in Francis, the instruction here allowed the jury
to convict Pizzo without reaching a unanimous verdict on the same act. It is possible that six
jurors convicted Pizzo for touching the breasts of A.S. while six others convicted Pizzo for
touching the genitals of A.S. 

Conclusion

 The trial judge's jury instruction permitted a conviction on less than a unanimous
verdict, and the court of appeals erred in holding otherwise. We therefore reverse the
judgment of the court of appeals and remand this case to the court of appeals for a harm
analysis. (52)


DATE DELIVERED: September 26, 2007

PUBLISH

 

 

1. Pizzo v. State, No. 13-03-392-CR, 2005 Tex. App. LEXIS 5457, at *2-4 (Tex.
App.--Corpus Christi July 14, 2005) (not designated for publication).
2. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2000); Tex. Penal Code
Ann. § 21.01(2) (Vernon Supp. 1989), Acts, 1979, 66th Leg., ch. 168, § 1, eff. Aug. 27,
1979.
3. Pizzo, 2005 Tex. App. LEXIS 5457, at *2. 
4. Id. at *4.
5. 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).
6. Pizzo, 2005 Tex. App. LEXIS 5457, at *3-4. 
7. Id. at *4 (quoting Kitchens, 823 S.W.2d at 258 (omitting citations)).
8. Id. at *3-4.
9. 36 S.W.3d 121, 124-25 (Tex. Crim. App. 2000) (op. on reh'g).
10. Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) (citing Francis, 36
S.W.3d at 126 (Womack, J., concurring) (citing Tex. Const. art. V, § 13; Tex. Code Crim.
Proc. Ann. arts. 36.29(a), 37.02, 37.03, 45.034-45.036)). 
11. Francis, 36 S.W.2d at 125 (citing United States v. Holley, 942 F.2d 916, 925
(5th Cir. 1991)); see also Ngo, 175 S.W.3d at 745.
12. Jefferson v. State, 189 S.W.3d 305, 311 (Tex. Crim. App.), cert. denied, 127 S.
Ct. 386 (2006) (quoting State v. Johnson, 627 N.W.2d 455, 459-60 (Wis. 2001) and
citing Richardson v. United States, 526 U.S. 813, 817-19 (1999)); Stuhler v. State, 218
S.W.3d 706, 718-19 (Tex. Crim. App. 2007); see also Vick v. State, 991 S.W.2d 830, 832-33 (Tex. Crim. App. 1999) (analyzing aggravated sexual assault statute, Section 22.021,
Penal Code, to determine whether it criminalizes different offenses or a single offense
with alternate modes of commission).
13. Jefferson, 189 S.W.3d at 311 (quoting Johnson, 627 N.W.2d at 459-60 and
citing Richardson, 526 U.S. at 817-19); see also Stuhler, 218 S.W.3d at 718 (quoting
Jefferson, 189 S.W.3d at 315-16 (Cochran, J., concurring)). 
14. Jefferson, 189 S.W.3d at 311 (quoting Johnson, 627 N.W.2d at 459-60 and
citing Richardson, 526 U.S. at 817-19); Stuhler, 218 S.W.3d at 718 (quoting Jefferson,
189 S.W.3d at 315-16 (Cochran, J., concurring)).
15. Jefferson, 189 S.W.3d at 314-16 (Cochran, J., concurring); Stuhler, 218 S.W.3d
at 718 (adopting the analytical construct provided by Judge Cochran in her concurring
opinion in Jefferson).
16. Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring); Stuhler, 218 S.W.3d at
718 (quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)). 
17. Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring).
18. Jefferson, 189 S.W.3d at 315 (Cochran, J., concurring); Stuhler, 218 S.W.3d at
718 (quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)).
19. Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring); Stuhler, 218 S.W.3d at
718 (quoting Jefferson, 189 S.W.3d at 316 (Cochran, J., concurring)). 
20. Kitchens, 823 S.W.2d at 258.
21. Id. 
22. Tex. Penal Code Ann. § 21.11.
23. Tex. Penal Code Ann. § 21.01 (currently codified at Tex. Penal Code Ann. §
22.11(c) (Vernon 2003), Acts 77th Leg., ch. 739 § 2, eff. Sept. 1, 2001).
24. 823 S.W.2d at 257.
25. Id. at 258.
26. Id. at 258 n.2.; see also Martinez v. State, 129 S.W.3d 101, 103 (Tex. Crim. App.
2004) (holding that the unanimity requirement was not violated where jury was charged in
the disjunctive on alternate theories of committing capital murder).
27. 36 S.W.3d at 122. 
28. Id. 
29. Id. 
30. Id. at 122-23.
31. Id. at 123.
32. Id. at 122.
33. Id.
34. Id. at 124.
35. Id. 
36. Id. at 125.
37. Id.
38. 991 S.W.2d at 832-833.
39. Id. at 831.
40. Id. at 833.
41. Id.
42. Id.
43. Id.
44. Id. 
45. See also Haight v. State, 137 S.W.3d 48, 50-51 (Tex. Crim. App. 2004) (relying
on Vick in holding that the statute defining the offense of official oppression, Section
39.03, Texas Penal Code, is a "conduct-oriented statute that criminalizes several different
types of conduct, each of which, if committed, would cause a different type of harm to a
victim."). 
46. Vick, 991 S.W.2d at 833.
47. Id. 
48. 218 S.W.3d at 718-19.
49. Id. at 718.
50. Id. at 718-19.
51. Id. at 719.
52. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984).