

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-405-CR**
**NO. 2-07-406-CR**

WESLEY L. LEE                                                         APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Wesley L. Lee was charged in two separate indictments with the offenses of unauthorized use of a vehicle (No. 2-07-405-CR on appeal) and evading arrest or detention using a vehicle (No. 2-07-406-CR on appeal). Upon his plea of not guilty to unauthorized use of a motor vehicle, the jury convicted him, and the trial court sentenced him to two years' confinement in a state jail

---

[1] *See* Tex. R. App. P. 47.4.

facility.  Upon his plea of guilty to evading arrest or detention using a vehicle, the trial court convicted him and sentenced him to two years' confinement in a state jail facility.  The trial court ordered the sentences to be served consecutively.

In two points, Appellant contends (1) that the trial court committed reversible error and abused its discretion in proceeding to a nonjury trial in the evading arrest case because Appellant did not execute a written jury waiver that was consented to in writing by the State and approved by the trial court and (2) that the trial court reversibly erred and abused its discretion in finding him guilty and cumulating his sentences because the two cases involved multiple prosecution and punishment of the same conduct.  The State concedes and we agree that the trial court erred in cumulating the sentences. Accordingly, we affirm the trial court's judgments as modified.

**Written Waiver of Jury Trial**

Article 1.13 of the code of criminal procedure requires that

[t]he defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney

2

representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.[2]

This language appears to be mandatory and unequivocal. It is the codification of the constitutional right to trial by a jury, under both the state and federal constitutions.[3] However, in a five-four decision, the Texas Court of Criminal Appeals has held that failure of the trial court to comply with the mandates of article 1.13 is a nonconstitutional statutory violation that requires a rule 44.2(b) analysis.[4] The *Johnson* majority held that "the lack of a written jury waiver is not harmful when the record reflects that the defendant waived his right to a jury trial."[5]

In that case, the record did not reflect an oral warning of Johnson's right to a jury trial, an oral waiver, or consent of the trial court and prosecutors, nor did the clerk's record reflect a written waiver. The clerk's record did contain a judgment, however, that stated that Johnson had "waived trial by jury."[6] The *Johnson* majority stated, "That recitation is 'binding in the absence of direct

---

[2] Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon 2005).

[3] *See* U.S. Const. amend. VI; Tex. Const. art. I, § 15.

[4] *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).

[5] *Id.* at 347.

[6] *Id.* at 349.

3

proof of [its] falsity.'"[7]  The *Johnson* majority reasoned,

> If Johnson "waived" a jury trial, then he must have known about his right to a jury trial, otherwise[,] he could not have waived it. The very use of the term "waive" presumes knowledge, because "to waive a right one must do it knowingly — with knowledge of the relevant facts."[8]

The *Johnson* majority concluded that although "the judgment's recitation [was] refuted by the clerk's certification that all of the proceedings relating the case were included in the transcript," and although there was no written jury waiver in the record, a reviewing court would have to take the judgment's recitation as true unless the appellant proved it false.[9]  The *Johnson* majority then addressed harm, holding that although article 1.13 was violated when the trial court proceeded without Johnson's written waiver, Johnson was not harmed because the trial court's judgment indicated that he had waived a jury.[10] It appears that the *Johnson* majority has moved from the requirement of an affirmative waiver of a jury trial to the civil rule that a jury trial is waived unless demanded by one of the parties.[11]

---

[7] *Id.* (citation omitted).

[8] *Id.* (citations omitted).

[9] *Id.*

[10] *Id.*

[11] *See* Tex. Const. art. V, § 10; Tex. R. Civ. P. 216(a).

Appellant appeared at trial and entered into a discussion with the trial court concerning whether he would plead guilty or not guilty. He discussed his election of punishment and the fact that he had originally elected to go to the jury for punishment. After discussing the matter with the trial court, he elected to plead guilty to evading arrest but not guilty to unauthorized use of a vehicle and to ask the trial court to assess punishment in both cases. He and the trial court discussed the credit that he would receive for time served, and Appellant explained to the trial court that he had been trying to go to trial for two years on a pending aggravated assault case and wanted to try the case on that day. The trial court explained that he was only hearing state jail felonies that week and that the State still was not ready to proceed on the aggravated assault because their witnesses were unavailable. The trial court explained that Appellant had the right to plead guilty or not guilty to the outstanding unauthorized use indictment and that the jury was in the hall, waiting. (Appellant had already entered his plea of guilty to evading arrest.) The trial court finally pressed Appellant to make up his mind whether he wanted to plead not guilty or guilty,

> [TRIAL COURT:] Make up your mind now. Because this—I've got a jury out there ready to go. I mean, if you're ready to—
>
> THE DEFENDANT: Okay. If I plead guilty to these now, then

5

. . . you'll go ahead and sentence me on this, is what I'm (sic) saying?

Finally, Appellant decided to plead not guilty to unauthorized use of a vehicle. At no time did he ask to withdraw his guilty plea on the evading arrest case, even though by the time he entered his ultimate plea of not guilty to unauthorized use of a vehicle, he was well aware that he had a right to a jury trial both at guilt and at punishment.

The judgment in the evading arrest case states that Appellant waived a jury trial. Appellant affirmatively proved that he did not waive a jury trial—the trial court clerk certified that all of the proceedings relating the case were included in the record, and the State concedes that there is no written jury waiver in the clerk's record. Under *Johnson*, though, we must presume that the statement in the judgment is correct in the absence of direct proof of its falsity.[12]

The *Johnson* majority does not address whether an oral waiver on the record approved orally on the record by the trial court and agreed to orally on the record by the State substantially complies with article 1.13. In a criminal case, in most instances, except for the trial court's granting of a defendant's

---

[12] *Johnson*, 72 S.W.3d at 349.

6

motion to suppress,[13] oral recitation on the record satisfies the writing requirement.[14] To the extent that the record reflects that Appellant orally waived a jury trial in the evading arrest case, the trial court clearly approved the waiver, and the State clearly joined the waiver. To the extent that oral waivers and approval appear in the reporter's record, we hold that the trial court substantially complied with article 1.13.

Following *Johnson*, as we must, we conclude that Appellant knew that he was entitled to a jury at the guilt phase of his trial on evading arrest because he waived his right to have a jury assess his punishment and chose instead to have the trial court assess his punishment and because he chose a jury to determine his guilt of unauthorized use of a vehicle. Because Appellant knew that he had the right to a jury trial and did not demand a jury trial on the issue of guilt in the evading arrest case, any violation of article 1.13 is harmless.[15] We overrule Appellant's first point.

---

[13] *See State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.) (en banc).

[14] *See, e.g.,* Tex. R. Evid. 103; Tex. R. App. 33.1(a)(2); *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (concerning findings of fact and conclusions of law regarding suppression); *Bryant v. State,* 187 S.W.3d 397, 404 (Tex. Crim. App. 2005) (Johnson, J., concurring) (concerning stipulations).

[15] *See Johnson*, 72 S.W.3d at 349; *see also* Tex. R. App. P. 44.2(b).

**Double Jeopardy**

In his second point, Appellant argues that the trial court reversibly erred and abused its discretion by finding him guilty of both unauthorized use of a motor vehicle and evading arrest or detention in a vehicle.

The record reflects that Joseph Holloway had stopped to refill the gas tank of his car when a man came up, pushed him down, got in the car, and drove off. Holloway waved down a police car and told the policeman what had happened. The police broadcast the information about the car, and another officer, who heard the broadcast, spotted the car. When the officer activated his lights and siren, Appellant accelerated and tried to elude the police. Appellant jumped out of the car and attempted to run from the officers on foot, but they tackled him. About thirty minutes after Holloway reported his car missing, it was returned to him.

The record reflects that Appellant took the car without permission of the owner, and when the police attempted to arrest him for taking the car, he used the car to evade the police. Although Appellant argues that he could not have been guilty under the facts of this case of evading arrest with a vehicle had he not been using Holloway's vehicle, that conclusion is not altogether true. Appellant happened to be in Holloway's vehicle when the police gave chase, and the police chased him because he was in Holloway's vehicle, but he would

have been guilty of evading arrest no matter what vehicle he was driving.[16]

Appellant relies on *Patterson v. State* to argue that when there is a single continuous offense, the State cannot prosecute in "stop-action" format for each prohibited act.[17] Appellant argues that a single transaction occurred here and that he could not properly be tried for the separate offenses committed during that single transaction.

Appellant's argument is compelling. Would the State have been able to prosecute him for burglary and evading arrest if he had been chased from the building he was burglarizing? Probably not. But under the facts of this case, if the taking of the vehicle had been prosecuted as theft of a vehicle, of which unauthorized use of a vehicle is a lesser included offense,[18] the theft would have been completed when he drove the car away from the complainant.[19] The investigation would not have begun until after the theft's completion. But Appellant was not charged with theft; he was charged with unauthorized use

---

[16] *See* Tex. Penal Code Ann. § 38.04 (Vernon 2003).

[17] 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).

[18] *See Ex parte Cavazos,* 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

[19] *See* Tex. Penal Code Ann. § 31.03 (Vernon Supp. 2008) ("A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.").

9

of a motor vehicle. Unauthorized use of a motor vehicle continues as long as the person uses the vehicle without permission of the owner.[20] Consequently, when he was evading arrest, Appellant was still using the vehicle without the owner's permission.

The State argues that Appellant should have objected below and that his failure to do so forfeited any error. Because of the fundamental nature of double jeopardy protections, however, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when the double jeopardy violation is clearly apparent on the face of the record and when the enforcement of the usual rules of procedural default serves no legitimate state interests.[21] A multiple-punishment double jeopardy violation is clearly apparent on the face of the record when the record shows multiple punishments resulting from the commission of a single act that violated two separate penal statutes, one of which is subsumed in the other.[22]

The State also contends that the two offenses are not the same for double jeopardy purposes. Although the State does not argue that these

---

[20] *See id.* § 31.07(a) (Vernon 2003).

[21] *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

[22] *See Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex. Crim. App. 1991), *cert. denied*, 502 U.S. 1110 (1992).

offenses are *in pari materia,* it is nonetheless helpful to look at the reasoning the Texas Court of Criminal Appeals has employed in determining whether two offenses are the same for double jeopardy purposes.  In *Burke v. State,*[23] the Texas Court of Criminal Appeals explained,

> Similarity of purpose or object is the most important factor in assessing whether two provisions are in *pari materia*.  The two provisions must have been enacted with the same purpose in mind in order for the doctrine to apply.  They must be "closely enough related to justify interpreting one in the light of the other."

> In *Alejos*, the defendant was convicted of evading arrest under  Penal Code § 38.04. On appeal, he claimed he should have been prosecuted under a more specific penal provision, article 6701d § 186, "fleeing or attempting to elude a police officer."  We held the two provisions were not in *pari materia* because "the two acts involved are contained in different legislative acts, have different elements of proof, different penalties and [were] obviously designed to serve different purposes and objectives."  We noted that  § 38.04 meshed well with other provisions of Chapter 38, all of which pertained to some type of arrest-related incident (resisting arrest, escape, facilitating escape, evading arrest). The primary focus of Article 6701d, *Uniform Act Regulating Traffic on Highways*, was the safety and orderly regulation of traffic on Texas highways.  Contrasting the two provisions we noted that one of the most significant features of § 38.04 was that the State prove the officer was attempting to make a lawful arrest, while article 6701d § 186 did not even contemplate an arrest or attempted arrest by the officer.  We held the provisions were not in *pari materia* because "while the same subject is treated they are in different acts having different objects, intended to cover different situations and *were not apparently intended to be considered together*."  Because the provisions were not in *pari materia*, the

---

[23] 28 S.W.3d 545 (Tex. Crim. App. 2000).

11

State had discretion as to which offense to prosecute.[24]

If, in the instant case, we look to the legislative intent to determine what interests the legislature intended to protect, we note that unauthorized use of a motor vehicle is a property offense.[25]  The Legislature intended to protect a lawful owner's possessory interests in property.[26] The interest protected in criminalizing the use of a vehicle to evade arrest or detention is the safety of the citizens in general on our streets and of the police who seek to apprehend a suspect who they have probable cause to believe has committed an offense.

The offense of evading arrest or detention is not temporally dependent on the underlying offense; evading arrest may be committed hours, days, weeks, or months after the commission of the underlying offense.[27] It is only necessary that the police officers make clear their intent to arrest or detain the defendant and that he flees, using a vehicle.[28]  Thus, the State was not required to prove that Appellant was the person who took the vehicle from Holloway to sustain

---

[24] *Id.* at 547 (citations omitted).

[25] *See* Tex. Penal Code Ann. § 31.07 (located in chapter 31, "Theft," of Title VII, "Offenses Against Property").

[26] *See id.* § 31.07(a).

[27] *See id.* § 38.04.

[28] *See id.*

12

a conviction for evading arrest or detention. Article 18.16 of the code of criminal procedure provides,

> Any person has a right to prevent the consequences of theft by seizing any personal property that has been stolen and bringing it, with the person suspected of committing the theft, if that person can be taken, before a magistrate for examination, or delivering the property and the person suspected of committing the theft to a peace officer for that purpose. To justify a seizure under this article, there must be reasonable ground to believe the property is stolen, and the seizure must be openly made and the proceedings had without delay.[29]

The arresting officer received the report that Holloway's vehicle had been stolen, and he saw the vehicle matching the description of Holloway's car. Under article 18.16, the arresting officer was authorized to seize the vehicle and its driver, and Appellant was required to submit to the officer's lawful detention. Appellant did not.

For all these reasons, adopting the analysis of *Haight v. State*,[30] we conclude that the legislature did not intend the offense of evading arrest or detention using a vehicle to be subsumed in the offense of unauthorized use of a motor vehicle. Consequently, we hold that Appellant's convictions for unauthorized use of a motor vehicle and evading arrest or detention using a

---

[29] Tex. Code Crim. Proc. Ann. art. 18.16 (Vernon 2005).

[30] 137 S.W.3d 48, 51 (Tex. Crim. App. 2004).

vehicle do not, under the facts of this case, violate double jeopardy protections. We overrule this portion of his second point.

## Cumulation

Appellant also argues in his second point that the trial court could not cumulate his two sentences. Appellant and the State agree that Appellant pled guilty to evading arrest and detention with a vehicle and not guilty to the charge of unauthorized use of a motor vehicle. The trial court accepted the guilty plea on the evading arrest charge, and a jury heard evidence on the charge of unauthorized use of a motor vehicle. At the conclusion of the testimony, the jury found Appellant guilty of unauthorized use of a motor vehicle. The jury was dismissed, and the trial court heard additional evidence in the punishment phase of both cases.

Section 3.03(a) of the penal code provides that when a defendant is found guilty of more than one offense arising out of a single criminal episode and prosecuted in a single criminal action, the sentences must run concurrently.[31] As the State candidly points out, a plea proceeding is not complete until punishment has been assessed.[32] Because the trial court held

---

[31] Tex. Penal Code Ann. § 3.03(a) (Vernon 2003).

[32] *Robbins v. State*, 914 S.W.2d 582, 583 (Tex. Crim. App. 1996).

14

a consolidated punishment hearing, the trial court erred in cumulating the sentences.[33] We sustain this portion of Appellant's second point and modify each judgment to delete the cumulation order.

### Conclusion

Having held that any violation of article 1.13 was harmless, that Appellant's convictions do not violate double jeopardy protections, and that the trial court erred by cumulating Appellant's sentences in these two offenses, we modify the judgments to delete the cumulation orders and affirm the trial court's judgments as modified.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

CAYCE, C.J. and MCCOY, J. concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 19, 2009

---

[33] *See id.* at 583–84.

15