COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-405-CR

                                        NO. 2-07-406-CR

 

 

WESLEY L. LEE                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Wesley L. Lee was charged in two separate indictments with the offenses of
unauthorized use of a vehicle (No. 2-07-405-CR on appeal) and evading arrest or
detention using a vehicle (No. 2-07-406-CR on appeal).  Upon his plea of not guilty to unauthorized
use of a motor vehicle, the jury convicted him, and the trial court sentenced
him to two years= confinement in a state jail
facility.  Upon his plea of guilty to
evading arrest or detention using a vehicle, the trial court convicted him and
sentenced him to two years=
confinement in a state jail facility. 
The trial court ordered the sentences to be served consecutively.

In two
points, Appellant contends (1) that the trial court committed reversible error
and abused its discretion in proceeding to a nonjury trial in the evading
arrest case because Appellant did not execute a written jury waiver that was
consented to in writing by the State and approved by the trial court and (2)
that the trial court reversibly erred and abused its discretion in finding him
guilty and cumulating his sentences because the two cases involved multiple
prosecution and punishment of the same conduct. 
The State concedes and we agree that the trial court erred in cumulating
the sentences. Accordingly, we affirm the trial court=s
judgments as modified.

                                  Written
Waiver of Jury Trial

Article
1.13 of the code of criminal procedure requires that








[t]he defendant
in a criminal prosecution for any offense other than a capital felony case in
which the State notifies the court and the defendant that it will seek the
death penalty shall have the right, upon entering a plea, to waive the right of
trial by jury, conditioned, however, that such waiver must be made in person by
the defendant in writing in open court with the consent and approval of the
court, and the attorney representing the State. The consent and approval by the
court shall be entered of record on the minutes of the court, and the consent
and approval of the attorney representing the State shall be in writing, signed
by him, and filed in the papers of the cause before the defendant enters his
plea.[2]

This
language appears to be mandatory and unequivocal.  It is the codification of the constitutional
right to trial by a jury, under both the state and federal constitutions.[3]  However, in a five-four decision, the Texas
Court of Criminal Appeals has held that failure of the trial court to comply
with the mandates of article 1.13 is a nonconstitutional statutory violation
that requires a rule 44.2(b) analysis.[4]  The Johnson majority held that Athe lack
of a written jury waiver is not harmful when the record reflects that the
defendant waived his right to a jury trial.@[5]








In that
case, the record did not reflect an oral warning of Johnson=s right
to a jury trial, an oral waiver, or consent of the trial court and prosecutors,
nor did the clerk=s record reflect a written
waiver.  The clerk=s record
did contain a judgment, however, that stated that Johnson had Awaived
trial by jury.@[6]  The Johnson majority stated, AThat
recitation is >binding in the absence of direct
proof of [its] falsity.=@[7]  The Johnson majority reasoned,

If Johnson Awaived@ a jury trial, then he
must have known about his right to a jury trial, otherwise[,] he could not have
waived it.  The very use of the term Awaive@ presumes knowledge,
because Ato waive a right one must
do it knowinglyCwith knowledge of the
relevant facts.@[8]

 

The Johnson
majority concluded that although Athe
judgment=s
recitation [was] refuted by the clerk=s
certification that all of the proceedings relating the case were included in
the transcript,@ and although there was no
written jury waiver in the record, a reviewing court would have to take the
judgment=s
recitation as true unless the appellant proved it false.[9]  The Johnson majority then addressed
harm, holding that although article 1.13 was violated when the trial court
proceeded without Johnson=s written waiver, Johnson was
not harmed because the trial court's judgment indicated that he had waived a
jury.[10]  It appears that the Johnson majority
has moved from the requirement of an affirmative waiver of a jury trial to the
civil rule that a jury trial is waived unless demanded by one of the parties.[11]








Appellant
appeared at trial and entered into a discussion with the trial court concerning
whether he would plead guilty or not guilty. 
He discussed his election of punishment and the fact that he had
originally elected to go to the jury for punishment.  After discussing the matter with the trial
court, he elected to plead guilty to evading arrest but not guilty to
unauthorized use of a vehicle and to ask the trial court to assess punishment
in both cases.  He and the trial court
discussed the credit that he would receive for time served, and Appellant
explained to the trial court that he had been trying to go to trial for two
years on a pending aggravated assault case and wanted to try the case on that
day. The trial court explained that he was only hearing state jail felonies
that week and that the State still was not ready to proceed on the aggravated
assault because their witnesses were unavailable.  The trial court explained that Appellant had
the right to plead guilty or not guilty to the outstanding unauthorized use
indictment and that the jury was in the hall, waiting.  (Appellant had already entered his plea of
guilty to evading arrest.)  The trial
court finally pressed Appellant to make up his mind whether he wanted to plead
not guilty or guilty,

[TRIAL COURT:]  Make up your mind now.  Because thisCI=ve got a jury out there
ready to go.  I mean, if you=re ready toC 

 








THE DEFENDANT:  Okay. 
If I plead guilty to these now, then . . . you=ll go ahead and sentence
me on this, is what I=m (sic) saying?

 

Finally,
Appellant decided to plead not guilty to unauthorized use of a vehicle.  At no time did he ask to withdraw his guilty
plea on the evading arrest case, even though by the time he entered his
ultimate plea of not guilty to unauthorized use of a vehicle, he was well aware
that he had a right to a jury trial both at guilt and at punishment.

The
judgment in the evading arrest case states that Appellant waived a jury
trial.  Appellant affirmatively proved
that he did not waive a jury trialCthe
trial court clerk certified that all of the proceedings relating the case were
included in the record, and the State concedes that there is no written jury
waiver in the clerk=s record.  Under Johnson, though, we must presume
that the statement in the judgment is correct in the absence of direct proof of
its falsity.[12]  








The Johnson
majority does not address whether an oral waiver on the record approved orally
on the record by the trial court and agreed to orally on the record by the
State substantially complies with article 1.13. 
In a criminal case, in most instances, except for the trial court=s
granting of a defendant=s motion to suppress,[13]
oral recitation on the record satisfies the writing requirement.[14]  To the extent that the record reflects that
Appellant orally waived a jury trial in the evading arrest case, the trial
court clearly approved the waiver, and the State clearly joined the waiver.  To the extent that oral waivers and approval
appear in the reporter=s record, we hold that the trial
court substantially complied with article 1.13.

Following
Johnson, as we must, we conclude that Appellant knew that he was
entitled to a jury at the guilt phase of his trial on evading arrest because he
waived his right to have a jury assess his punishment and chose instead to have
the trial court assess his punishment and because he chose a jury to determine
his guilt of unauthorized use of a vehicle. 
Because Appellant knew that he had the right to a jury trial and did not
demand a jury trial on the issue of guilt in the evading arrest case, any
violation of article 1.13 is harmless.[15]  We overrule Appellant=s first
point.

 








                                         Double
Jeopardy

In his
second point, Appellant argues that the trial court reversibly erred and abused
its discretion by finding him guilty of both unauthorized use of a motor vehicle
and evading arrest or detention in a vehicle.

The
record reflects that Joseph Holloway had stopped to refill the gas tank of his
car when a man came up, pushed him down, got in the car, and drove off.  Holloway waved down a police car and told the
policeman what had happened.  The police
broadcast the information about the car, and another officer, who heard the
broadcast, spotted the car.  When the
officer activated his lights and siren, Appellant accelerated and tried to
elude the police.  Appellant jumped out
of the car and attempted to run from the officers on foot, but they tackled
him.  About thirty minutes after Holloway
reported his car missing, it was returned to him.








The
record reflects that Appellant took the car without permission of the owner,
and when the police attempted to arrest him for taking the car, he used the car
to evade the police.  Although Appellant
argues that he could not have been guilty under the facts of this case of evading
arrest with a vehicle had he not been using Holloway=s
vehicle, that conclusion is not altogether true.  Appellant happened to be in Holloway=s
vehicle when the police gave chase, and the police chased him because he was in
Holloway=s
vehicle, but he would have been guilty of evading arrest no matter what vehicle
he was driving.[16]   Appellant relies on Patterson v. State
to argue that when there is a single continuous offense, the State cannot
prosecute in Astop-action@ format
for each prohibited act.[17]  Appellant argues that a single transaction
occurred here and that he could not properly be tried for the separate offenses
committed during that single transaction. 









Appellant=s
argument is compelling.  Would the State
have been able to prosecute him for burglary and evading arrest if he had been
chased from the building he was burglarizing? 
Probably not.  But under the facts
of this case, if the taking of the vehicle had been prosecuted as theft of a
vehicle, of which unauthorized use of a vehicle is a lesser included offense,[18]
the theft would have been completed when he drove the car away from the complainant.[19]  The investigation would not have begun until
after the theft=s completion. But Appellant was
not charged with theft; he was charged with unauthorized use of a motor
vehicle.  Unauthorized use of a motor
vehicle continues as long as the person uses the vehicle without permission of
the owner.[20]  Consequently, when he was evading arrest,
Appellant was still using the vehicle without the owner=s
permission. 

The
State argues that Appellant should have objected below and that his failure to
do so forfeited any error.  Because of
the fundamental nature of double jeopardy protections, however, a double
jeopardy claim may be raised for the first time on appeal or for the first time
on collateral attack when the double jeopardy violation is clearly apparent on
the face of the record and when the enforcement of the usual rules of
procedural default serves no legitimate state interests.[21]  A multiple-punishment double jeopardy
violation is clearly apparent on the face of the record when the record shows
multiple punishments resulting from the commission of a single act that
violated two separate penal statutes, one of which is subsumed in the other.[22]








The
State also contends that the two offenses are not the same for double jeopardy
purposes.  Although the State does not
argue that these offenses are in pari materia, it is nonetheless helpful
to look at the reasoning the Texas Court of Criminal Appeals has employed in
determining whether two offenses are the same for double jeopardy
purposes.  In Burke v. State,[23]
the Texas Court of Criminal Appeals explained,

Similarity of purpose or
object is the most important factor in assessing whether two provisions are in pari
materia.  The two provisions must
have been enacted with the same purpose in mind in order for the doctrine to
apply.  They must be Aclosely enough related to
justify interpreting one in the light of the other.@ 

 

In Alejos, the
defendant was convicted of evading arrest under 
Penal Code ' 38.04. On appeal,
he claimed he should have been prosecuted under a more specific penal
provision, article 6701d ' 186, Afleeing or attempting to
elude a police officer.@  We held the two provisions were not in pari
materia because Athe two acts involved are
contained in different legislative acts, have different elements of proof,
different penalties and [were] obviously designed to serve different purposes
and objectives.@  We noted that 
' 38.04 meshed well
with other provisions of Chapter 38, all of which pertained to some type of
arrest‑related incident (resisting arrest, escape, facilitating escape,
evading arrest). The primary focus of Article 6701d, Uniform Act Regulating
Traffic on Highways, was the safety and orderly regulation of traffic on Texas
highways.  Contrasting the two provisions
we noted that one of the most significant features of ' 38.04 was that the
State prove the officer was attempting to make a lawful arrest, while article
6701d ' 186 did not even
contemplate an arrest or attempted arrest by the officer.  We held the provisions were not in pari
materia because Awhile the same subject is
treated they are in different acts having different objects, intended to cover
different situations and were not apparently intended to be considered
together.@  Because the provisions were not in pari
materia, the State had discretion as to which offense to prosecute.[24]








If, in
the instant case, we look to the legislative intent to determine what interests
the legislature intended to protect, we note that unauthorized use of a motor
vehicle is a property offense.[25]  The Legislature intended to protect a lawful
owner=s
possessory interests in property.[26]
The interest protected in criminalizing the use of a vehicle to evade arrest or
detention is the safety of the citizens in general on our streets and of the
police who seek to apprehend a suspect who they have probable cause to believe
has committed an offense.      The offense of evading arrest or detention
is not temporally dependent on the underlying offense; evading arrest may be committed
hours, days, weeks, or months after the commission of the underlying offense.[27]
It is only necessary that the police officers make clear their intent to arrest
or detain the defendant and that he flees, using a vehicle.[28]  Thus, the State was not required to prove
that Appellant was the person who took the vehicle from Holloway to sustain a
conviction for evading arrest or detention. 
Article 18.16 of the code of criminal procedure provides, 








Any person has a right to
prevent the consequences of theft by seizing any personal property that has
been stolen and bringing it, with the person suspected of committing the theft,
if that person can be taken, before a magistrate for examination, or delivering
the property and the person suspected of committing the theft to a peace
officer for that purpose.  To justify a
seizure under this article, there must be reasonable ground to believe the property
is stolen, and the seizure must be openly made and the proceedings had without
delay.[29] 

 

The
arresting officer received the report that Holloway=s
vehicle had been stolen, and he saw the vehicle matching the description of
Holloway=s car.
Under article 18.16, the arresting officer was authorized to seize the vehicle
and its driver, and Appellant was required to submit to the officer=s lawful
detention.  Appellant did not.

For all
these reasons, adopting the analysis of Haight v. State,[30]
we  conclude that the legislature did not
intend the offense of evading arrest or detention using a vehicle to be
subsumed in the offense of unauthorized use of a motor vehicle.  Consequently, we hold that Appellant=s
convictions for unauthorized use of a motor vehicle and evading arrest or
detention using a vehicle do not, under the facts of this case, violate double
jeopardy protections.  We overrule this
portion of his second point.

 








Cumulation

Appellant also argues in his second point that
the trial court could not cumulate his two sentences.  Appellant and the State agree that Appellant
pled guilty to evading arrest and detention with a vehicle and not guilty to
the charge of unauthorized use of a motor vehicle.  The trial court accepted the guilty plea on
the evading arrest charge, and a jury heard evidence on the charge of
unauthorized use of a motor vehicle.  At
the conclusion of the testimony, the jury found Appellant guilty of unauthorized
use of a motor vehicle.  The jury was
dismissed, and the trial court heard additional evidence in the punishment
phase of both cases.








Section 3.03(a) of the penal code provides that
when a defendant is found guilty of more than one offense arising out of a
single criminal episode and prosecuted in a single criminal action, the
sentences must run concurrently.[31]  As the State candidly points out, a plea
proceeding is not complete until punishment has been assessed.[32]  Because the trial court held a consolidated
punishment hearing, the trial court erred in cumulating the sentences.[33]  We sustain this portion of Appellant=s second
point and modify each judgment to delete the cumulation order.

Conclusion

Having held that any violation of article 1.13
was harmless, that Appellant=s
convictions do not violate double jeopardy protections, and that the trial
court erred by cumulating Appellant=s
sentences in these two offenses, we modify the judgments to delete the cumulation
orders and affirm the trial court=s
judgments as modified.

 

 

LEE ANN DAUPHINOT

JUSTICE

PANEL:  CAYCE, C.J.;
DAUPHINOT and MCCOY, JJ.

CAYCE, C.J. and MCCOY, J. concur without opinion.

DO NOT
PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED: February 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc.
Ann. art. 1.13(a) (Vernon 2005).





[3]See U.S. Const. amend. VI;
Tex. Const. art. I, ' 15.





[4]Johnson v. State, 72 S.W.3d 346, 348
(Tex. Crim. App. 2002).





[5]Id. at 347.





[6]Id. at 349.





[7]Id. (citation omitted).





[8]Id. (citations omitted).





[9]Id.





[10]Id.





[11]See Tex. Const. art. V, ' 10; Tex. R. Civ. P.
216(a).





[12]Johnson, 72 S.W.3d at 349.





[13]See State v. Cox, 235 S.W.3d 283, 285
(Tex. App.CFort Worth 2007, no pet.)
(en banc).





[14]See, e.g., Tex. R. Evid. 103; Tex.
R. App. 33.1(a)(2); State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim.
App. 2006) (concerning findings of fact and conclusions of law regarding
suppression); Bryant v. State, 187 S.W.3d 397, 404 (Tex. Crim. App.
2005) (Johnson, J., concurring) (concerning stipulations).





[15]See Johnson, 72 S.W.3d at 349; see
also Tex. R. App. P. 44.2(b).





[16]See Tex. Penal Code Ann. ' 38.04 (Vernon
2003).





[17]152 S.W.3d 88, 92 (Tex.
Crim. App. 2004).





[18]See Ex parte Cavazos,  203 S.W.3d 333, 337 (Tex. Crim. App. 2006).





[19]See Tex. Penal Code Ann. ' 31.03 (Vernon Supp.
2008) (AA person commits an
offense if he unlawfully appropriates property with intent to deprive the owner
of property.@). 





[20]See id. ' 31.07(a) (Vernon
2003).





[21]Gonzalez v. State, 8 S.W.3d 640, 643 (Tex.
Crim. App. 2000). 





[22]See Blockburger v. U.S., 284 U.S. 299, 304, 52
S. Ct. 180, 182 (1932); Cervantes v. State, 815 S.W.2d 569, 572 (Tex.
Crim. App. 1991), cert. denied, 502 U.S. 1110 (1992).





[23]28 S.W.3d 545 (Tex. Crim.
App. 2000).





[24]Id. at 547 (citations
omitted).





[25]See Tex. Penal Code Ann. ' 31.07 (located in
chapter 31, ATheft,@ of Title VII, AOffenses Against Property@).





[26]See id. ' 31.07(a).





[27]See id. ' 38.04.





[28]See id.





[29]Tex. Code Crim. Proc.
Ann. art. 18.16 (Vernon 2005).





[30]137 S.W.3d 48, 51 (Tex.
Crim. App. 2004).





[31]Tex. Penal Code Ann. ' 3.03(a) (Vernon
2003).





[32]Robbins v. State, 914 S.W.2d 582, 583
(Tex. Crim. App. 1996).





[33]See id. at 583B84.